UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X          Case #: **1:19-cv-02521-JBW-RER**

CHALAMO KAIKOV

Plaintiff

--against—

ARIHAY KAIKOV, DUSTIN BOWMAN, ANDERSON,
BOWMAN & ZALEWSKI, PLLC, SHIRYAK, BOWMAN,
ANDERSON, GILL & KADOCHNIKOV LLP, PACIFIC 2340
CORP., ROYALA&K REALTY GROUP INC., A&E.R.E.
MANAGEMENT CORP., NY PRIME HOLDING LLC,
AG REALTY BRONX CORP., JOHN and
JANE DOE 1-19 and XYZ CORPORATION 1-10

Defendants

-------------------------------------------------------------X

### **MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)**

Dated; December 23, 2019

**SHIRYAK, BOWMAN, ANDERSON,
GILL & KADOCHNIKOV, LLP**
Andreas E. Christou, Esq.
Alexander Kadochnikov, Esq.
*Counsel for Defendants DUSTIN BOWMAN; SHIRYAK, BOWMAN, ANDERSON, GILL
& KADOCHNIKOV, LLP; and ANDERSON, BOWMAN & ZALEWSKI, PLLC*
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
718-263-6800
achristou@sbagk.com
akadochnikov@sbagk.com

The Defendants DUSTIN BOWMAN; ANDERSON, BOWMAN & ZALEWSKI, PLLC; and SHIRYAK,BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP (hereinafter collectively referred to as "Defendants" and individually referred to as "Bowman", "ABZ" and "SBAGK") hereby make this memorandum in reply to Defendants' motion pursuant to FRCP 12(b)(6) to dismiss the Plaintiff's First Amended Complaint (hereinafter "Complaint) as against Defendant(s) DUSTIN BOWMAN, ANDERSON BOWMAN & ZALEWSKI, PLLC; and SHIRYAK ,BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP; and for such other and further relief as may seem just and proper.

In support of this motion, the Defendants state, through their attorneys, as follows:

## **PRELIMINARY STATEMENT**

The Plaintiff's opposition wholly fails to address their most glaring deficiencies with respect to Bowman, ABZ, and SBAGK, namely that the Complaint fails to state viable claims against these Defendants. The Complaint fails to state any basis on how these Defendants would have any knowledge of the Plaintiff's alleged oral agreements, and how in any way these Defendants, who offered nothing more than legal services, can in any way be subject to RICO liability.

As stated in the Defendants' memorandum of law in support of its motion, the crux of the matter which Plaintiff fails to address is as follows:

For a law firm to be liable for RICO, Plaintiff has to plead "operation and management" by a law firm. Plaintiff fails to plead any facts pointing to anything other than legal representation. Under these circumstances, can Plaintiff's complaint stand?

The answer to this question is No, and as such, Plaintiff's Complaint cannot be allowed to stand as against Defendants Bowman, ABZ, and SBAGK.

2

## PLAINTIFF'S VICARIOUS LIABILITY CLAIMS MUST BE DISMISSED AS NO OPPOSITION WAS INTERPOSED

Plaintiff's opposition fails to interpose any opposition as to why the Plaintiff's Tenth Cause of Action asserted against SBAGK and ABZ, under a theory of vicarious liability, should not be dismissed[1]. As such, and incorporating the arguments asserted in Defendants' motion-in-chief, this cause of action should be dismissed.

## PLAINTIFF'S SUCCESSOR LIABILITY CLAIMS FAIL

In the most simple of terms: ABZ and SBAGK are two completely separate and distinct entities, containing different members.

Anderson Bowman & Zalewski, PLLC contained three (3) members: 1) Mark Anderson; 2) Dustin Bowman; and 3) Steven Zalewski. This entity was founded in September 2016.

On the contrary, Shiryak, Bowman, Anderson, Gill & Kadochnikov is comprised of five (5) members, three of which were not in any way involved with ABZ; these five members are: 1) Alexander Shiryak; 2) Dustin Bowman; 3) Mark S. Anderson; 4) Navpreet Gill; and 5) Alexander Kadochnikov.[2] [3] SBAGK was not founded until June 4, 2018, as previously stated in Defendants' motion-in-chief. To this day ABZ[4] and SBAGK continue to run as wholly separate entities, with financial and managerial separation.

Citing to Plaintiff's own case law, under New York law, "a corporation is liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability, (2)

---

[1] Curiously, Plaintiff's motion and its table of contents, which go in numerical order, skip "Count X" the vicarious liability claim, and nowhere in Plaintiff's opposition are there arguments in opposition to this cause of action being dismissed.

[2] It should be noted that Partners Shiryak, Gill & Kadochnikov founded their own independent LLP in 2017 - known as Shiryak, Gill & Kadochnikov LLP - which was not related in any way to ABZ and operated in separate offices.

[3] Steven Zalewski has since founded and joined Zacarese & Zalewski, P.C.

[4] ABZ is only active to wrap up any existing cases the ABZ firm had taken on prior to the formation of SBAGK

3

there was a consolidation or merger of the two corporations, (3) the second corporation was a mere continuation of the first, or (4) the dealings between the two were entered into fraudulently to escape such obligations." See *Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 245, 464 N.Y.S.2d 437, 440, 451 N.E.2d 195, 198 (1983). This standard is clearly distinguishable from the facts at hand. As previously explained, SBAGK is a wholly separate entity from ABZ, and was not even in legal existence and operation at the time the actions in the Complaint[5]. It should also be noted that the Amended Complaint does not plead these elements or these facts, but rather simply states the following:

"Upon information and belief, in June 2018 ABZ reorganized and renamed itself SBAGK, which is a successor in interest to the ABZ. ABZ continues to maintain its website where SBAGK displays its logo and name stating that it is formerly known as ABZ.[6]"

These are the totality of the allegations which base the Plaintiff's meritless theory of successor liability. Plaintiff does not plead any of the elements mentioned in the *Schumacher* case that would need to be properly plead in order to form a cognizable legal theory. Plaintiff's assertions also fail as a matter of law; what Plaintiff failed to cite is the continued holding of *Schumacher,* where the New York Court of Appeals held the following:

The only arguable basis upon which plaintiffs can predicate a finding of successor liability is to characterize Logemann as a "mere continuation" of Richards Shear Company. The exception refers to corporate reorganization, however, ***where only one corporation survives the transaction; the predecessor corporation must be extinguished*** (see *McKee v. Harris-Seybold Co.,* 109 N.J.Super. 555, 264 A.2d 98; *Ladjevardian v. Laidlaw-Coggeshall, Inc.,* 431 F.Supp. 834, 839). The cases cited by plaintiff do not hold otherwise (*Cyr v. Offen & Co.,* 1 Cir., 501 F.2d 1145; *Turner v. Bituminous Cas. Co.,* 397 Mich. 406, 244 N.W.2d 873, *supra*). Since Richards Shear survived the instant purchase agreement as a distinct, albeit meager, entity, the Appellate Division properly concluded that Logemann cannot be considered a mere continuation of Richards Shear.

Schumacher v. Richards Shear Co., 59 N.Y.2d 239, 245, 451 N.E.2d 195, 198 (1983) (emphasis added).

---

[5] It should be noted that the Plaintiff's initial Complaint did not include ABZ as a Defendant; only after Defendants brought it to the attention of Plaintiff's counsel in a Rule 11 letter. See Complaint at ECF Doc. No. 1.

[6] See Complaint at Paragraph 14.

4

Case 1:19-cv-02521-JBW-RER Document 37 Filed 12/23/19 Page 5 of 12 PageID #: 561

Aside from the seriously deficient pleading, Plaintiff does not plead the ABZ corporation was extinguished, nor has it actually been extinguished. The ABZ corporation continues to operate for the purpose of administering to its existing cases, as well as expenses and payroll that are associated with this administration. Plaintiff cannot also satisfy and does not also plead any of the remaining *Schumacher* factors.

Plaintiff also relies on another wholly distinguishable case, *Miller v. Forge Mench P'ship Ltd.,* which, at its very outset deals with liability upon merger, which is not alleged nor is at issue here since no merger ever occurred. *Miller* , No. 00 CIV. 4314 (MBM), 2005 WL 267551, at *7 (S.D.N.Y. Feb. 2, 2005). Plaintiff relies on the holding which stated, with respect to determining successor liability : "courts are to analyze the facts 'in a flexible manner that disregards mere questions of form and asks whether, in substance, it was the intent of [the successor] to absorb and continue the operation of [the predecessor].'" *Id.* Here, again, Plaintiff fails to plead its claims against SBAGK in a way that would conform to the standards cited. In any event, by the very nature of the names of ABZ and SBAGK, there was no intent of SBAGK to absorb and continue the operation of its predecessor. Five partners, from different prior entities, with different and independent operations, came together to form a new venture and entity. Each of the prior partners' firms continue their operations and separately administer, to this day, to their existing business operations prior to the formation and functional operation of SBAGK.

Thus, at the very least, the newly created and independent SBAGK entity should be dismissed from the instant action.

### PLAINTIFF'S CLAIMS REGARDING BOWMAN, ABZ, AND SBAGK'S PARTICIPATION IN AN ENTERPRISE FAIL AND THESE DEFENDANTS MUST BE DISMISSED

5

Plaintiff's claims that it has adequately plead Defendants Bowman, ABZ, and SBAGK's participation in the operation and management of the RICO enterprise also fail and must be dismissed. At the outside, Defendants again continue to stress that in the Plaintiff's opposition, Plaintiff establishes no basis of knowledge whatsoever for how Defendants would allegedly have any knowledge of Plaintiff, his interest, or of any alleged oral interest he may have had. Of note, Plaintiff fails to plead or otherwise allege in the Complaint, or its opposition: 1) any publicly recorded documents giving knowledge to Defendants; 2) any interaction or correspondence between Plaintiff and these Defendants or their representatives; 3) any writings that would have allowed these Defendants to have knowledge of any potential interest Plaintiff may have had. Simply put, Plaintiff expects the Court to believe that Defendants Bowman, ABZ, and SBAGK should, for some unknown reason, possess knowledge of alleged oral agreements involving a joint venture and property that were made between two family members, simply because one of the parties to the alleged oral agreement was represented by these Defendants. This is preposterous.

Plaintiff attempts to ignore the core holding of the seminal cases regarding RICO liability of professionals, and instead attempts to focus the Court's attention on general RICO liability standards for Defendants. In the Second Circuit, the "operation and management" test is an extremely rigorous test. *Schmidt v. Fleet Bank*, 16 F.Supp.2d 340, 346 (S.D.N.Y.1998) (quoting *LaSalle Nat'l Bank v. Duff & Phelps Credit Rating Co.*, 951 F.Supp. 1071, 1090 (S.D.N.Y. 1996)). RICO plaintiffs must plausibly allege that each defendant played "*some* part in directing the enterprise's affairs" if the RICO claim is to survive a motion to dismiss; *D'Addario v. D'Addario*, 901 F.3d 80, 103–04 (2d Cir. 2018), *cert. denied,* 139 S. Ct. 1331, 203 L. Ed. 2d 568 (2019) *quoting First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 176 (2d Cir.

2004). Here, there has been no "directing", "managing", or "operation" of the alleged RICO enterprise by Defendants Bowman, ABZ and SBAGK. It should be noted that Plaintiff's pleading is completely devoid of a single allegation that Defendants Bowman, ABZ and SBAGK actually directed Defendant Kaikov or the co-Defendant entities to complete any task.

The Plaintiff's own opposition even fails to allege or show a single act that would fall under the "operation and management" test recognized by the Second Circuit. Plaintiff states, in relevant part:

"The FAC alleges that the Law Firm Defendants were *instrumental* to the operation of the Defendants' Realty Companies RICO Enterprise. The Law Firm Defendants managed the l*egal relationships* of the Enterprise which included *assisting* with recording fraudulently-obtained deeds and *receiving* fraudulent commissions on the sale of the investment properties."[7]

Aside from the fact that these allegations are patently false, the Plaintiff's opposition is still devoid of allegations with respect to direction of operations. There is a "substantial difference between actual control over an enterprise and association with an enterprise in ways that do not involve control; only the former is sufficient under *Reves* because 'the test is not involvement but control.'" *Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 346 (S.D.N.Y. 1998); *Dep't. of Econ. Dev. v. Arthur Andersen & Co.,* 924 F.Supp. 449, 466 (S.D.N.Y.1996) (quoting *A.I. Credit Corp. v. Hartford Computer Group, Inc.,* 847 F.Supp. 588, 601 (N.D.Ill.1994)).

As previously re-iterated in Defendants' motion-in-chief, which Plaintiff does not specifically distinguish, the Second Circuit has held that, "simple taking of directions and performance of tasks that are 'necessary and helpful' to the enterprise, without more, is insufficient to bring a defendant within the scope of § 1962(c)." *United States v. Viola,* 35 F.3d 37, 41 (2d Cir.1994). "Simply because one provides goods or services that ultimately benefit the enterprise does not mean that one becomes liable as a result." *LaSalle,* 951 F.Supp. at 1090

---

[7] See Plaintiff's Opposition at p. 33.

(quoting *University of Md. v. Peat, Marwick, Main & Co.,* 996 F.2d 1534, 1539 (3d Cir.1993)). The Plaintiff fails to allege anything more than mere goods and services provided. Plaintiff fails to allege that Bowman, ABZ and SBAGK ever directed Defendant Kaikov or the corporate entities to commit any of the acts alleged in the Complaint, nor does Plaintiff allege that Bowman, ABZ and SBAGK, conducted any activities with knowledge of either: 1) any alleged interest of the Plaintiff; and 2) any alleged interest of any fraud. Simply put, these Defendants did no more than provide legal services to his client. Any issues the Plaintiff may have are not properly asserted against Defendants Bowman, ABZ and SBAGK, who had and still have no knowledge of any alleged interest of the Plaintiff.

## **PLAINTIFF'S CONSPIRACY CLAIMS AND FRAUD REGARDING BOWMAN, ABZ, AND SBAGK FAIL**

Plaintiff's claims regarding conspiracy, fraud, and "aiding-and-abetting" fail, at this stage, for at least one key reason: Plaintiff cannot satisfy the knowledge requirement. Plaintiff, states the following in its opposition:

A claim for aiding-and-abetting fraud requires plaintiff to "allege the existence of the underlying fraud, *actual knowledge*, and substantial assistance." *Oster v. Kirschner*, 77 A.D.3d 51, 55-56, 905 N.Y.S.2d 69, 72 (App. Div. 2010). Under New York law, "actual knowledge need only be pleaded generally, cognizant, particularly at the prediscovery stage, that a plaintiff lacks access to the very discovery materials which would illuminate a defendant's state of mind." *Id.*[8]

However, much like the Plaintiff's Complaint, the opposition too is devoid of any allegation or basis of actual knowledge on the part of Defendants Bowman, ABZ, and SBAGK. The Plaintiff, still, has not alleged or addressed how these Defendants, a law firm and its partner, would have had actual knowledge of an *admittedly oral* agreement between two family members.

---

[8] See Plaintiff's opposition at p. 41 (emphasis added).

8

The Court of Appeals has stated that an intent to commit fraud is to be divined from surrounding circumstances. *See Eurycleia Partners, LP v. Seward & Kissel, LLP,* 12 N.Y.3d 553, 883 N.Y.S.2d 147, 910 N.E.2d 976 (2009). This is actual knowledge of the fraud as discerned from the surrounding circumstances. *Oster,* 77 A.D.3d at 56, 905 N.Y.S.2d at 72. From the surrounding circumstances and from Plaintiff's own deficient pleading, it is clear these law firm Defendants do not have actual knowledge. Plaintiff never claims that he communicated his interest with these Defendants, nor does the Plaintiff claim there are any documents made in the public record that would have given any attorney notice of Plaintiff's alleged interest. Plaintiff simply and repeatedly states that these Defendants had actual knowledge because they "had knowledge". No basis of knowledge is ever alleged or plead. Furthermore, without knowledge, Defendants cannot have affirmatively assisted. Merely by performing legal tasks, the Defendants cannot be liable to the Plaintiff.

This is also applicable to the Plaintiff's ninth cause of action for conversion, which too requires actual knowledge and substantial assistance; as discussed above, these elements cannot be met as against Bowman, ABZ and SBAGK, and Plaintiff has still failed to plead any basis of knowledge, which would have given Bowman, ABZ, and SBAGK any idea of this oral agreement.

## **PLAINTIFF WAS OWED NO DUTY BY DEFENDANTS BOWMAN, ABZ, AND SBAGK AND THE PARTIES HAD NO RELATIONSHIP**

Plaintiff also asserts, in its eleventh cause of action, a claim for injunctive relief and constructive trust on the basis of breach of fiduciary duty. This claim too fails as a matter of law and fact. Under New York law, it is a well settled legal principle that third parties with no privity, such as the Plaintiffs in the instant matter, are owed no duty. *See e.g. Goldfarb v. Schwartz*, 26 A.D.3d 462, 462, 811 N.Y.S.2d 414, 415 (2d Dep't 2006). Plaintiff, in its

9

opposition, states that "The elements of the cause of action are underlying breach fiduciary duty, *knowing* participation by defendant through the provision of *substantial assistance,* and damage to plaintiff. *Torrance Constr., Inc. v. Jaques*, 127 A.D.3d 1261, 1264, 8 N.Y.S.3d 441, 445 (App. Div. 2015)."[9] Again, Plaintiff alleges knowledge and assistance without establishing or pleading any sort of basis of knowledge.

Furthermore, in its motion-in-chief, Defendants raised the argument that they could not possibly owe any duty to Plaintiff, whom they did not know. Specifically it was stated that "Plaintiff was not a client of Defendants Bowman, ABZ and/or SBAGK nor was any relationship formed, as these Defendants had no knowledge whatsoever of any alleged interest of the Plaintiff."[10] No arguments were offered in opposition to this point by Plaintiff, nor can any arguments be offered, as there was simply no relationship whatsoever between Plaintiff and these Defendants such to ever have given rise to such a duty. Plaintiff is asking the Court to attach serious liability to a law firm and its partner simply because one of its clients *may* have breached an alleged oral agreement with his family member in Russia, of which the client's attorney and firm would have no way of possibly knowing. That is a dangerous and highly meritless argument made by the Plaintiff.

Plaintiff, also, wrongly claims, as to its sixth cause of action, that "neither Defendant argues that the FAC does not state a claim for unjust enrichment."[11] This is factually incorrect. Defendant, on page 36 of its memorandum of law, specifically stated that Plaintiff's "claim for unjust enrichment, based upon an alleged contractual agreement, fails to state a cause of action against Defendants Bowman, ABZ and SBAGK, who admittedly were not parties to any alleged

---

[9] See Plaintiff's opposition at p. 46.
[10] See Defendant's memorandum of law at p. 35.
[11] See Plaintiff's opposition at p. 42.

agreements, nor is such even plead. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 944 N.Y.S.2d 732, 967 N.E.2d 1177 (2012)." This further shows that Plaintiff's claims against these Defendants cannot be plead as there was never any sort of communication or relationship between the Plaintiff and Defendants Bowman, ABZ, and SBAGK.

## RE-STATEMENT

In the interests of brevity, Defendants Bowman, ABZ, and SBAGK reiterate and incorporate each and every argument made in their motion-in-chief and supporting memorandum of law, as if fully incorporated herein. Defendants oppose each and every cause of action asserted against them.

Likewise, Defendants Bowman, ABZ, and SBAGK incorporate and adopt the arguments, where applicable, of the co-Defendants as relating to the RICO and other allegations not specifically addressed herein.

## CONCLUSION

In sum, the Defendants Bowman, ABZ, and SBAGK's motion to dismiss should be granted in its entirety and this action should be dismissed with prejudice as to these Defendants. Plaintiff's pleading and opposition are facially and legally deficient as against these Defendants. Amongst all of the reasons discussed above and in the Defendants' underlying motion, it is again noted that: 1) Plaintiff, most importantly, still does not allege a basis that would have given Defendants' knowledge of the alleged oral agreement between Plaintiff and Defendant Kaikov; 2) Plaintiff has failed to allege any specific directing or management of an alleged RICO enterprise by these Defendants aside from the normal functions of a law office; and 3) Plaintiff fails to allege any claims for successor or professional liability. Each and every claim asserted by

the Plaintiff against Defendants Bowman, ABZ, and SBAGK, is legally, facially, and factually deficient and must be dismissed with prejudice.