UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
**CHALAMO KAIKOV,**  19-cv-2521-JBW-RER
                    **Plaintiff,**

    -against-

**ARIHAY KAIKOV, et.al**

                    **Defendants,**
------------------------------------------------------------------X

### AFFIDAVIT OF CHALAMO KAIKOV IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

I, Chalamo Kaikov, do state as follows:

1. I am Plaintiff in the above referenced action.

2. I have translated and read the First Amended Complaint (the "FAC") filed in this case. I verify that the facts stated in the FAC are true and correct to the best of my knowledge and belief.

3. I submit this Affidavit in Support of Plaintiff's Motion for an Order to Freeze Assets of Defendants and Expedited Discovery Related to the Assets.

4. As stated in the FAC, since December 2012, I transferred a substantial amount of money to Arihay Kaikov ("Arihay") based on his representations that we will be joint owners in a venture which would hold the tiles and/or deeds for the properties which would be renovated and sold for profit (the "Investment Properties").[1]

---

[1] As stated in the FAC, Arihay claimed that he used my money to pay for titles/ deeds and/or renovations for the following Investment Properties:

- 567 Jerome Street, Brooklyn, New York 11207;
- 317 East 31st Street, Brooklyn 11226;
- 118-36 219th Street, Jamaica, New York 11411;

5. This amount includes $775,000 that I transferred to Arihay as follows:

   a. $100,000 in December 2012 as initial investment;

   b. $200,000 additional funds in October 2013 after Arihay met me in Moscow, Russia and told me that the initial investment returned profits and additional capital contribution was needed to purchase more properties;

   c. $100,000 in May 2015 after Arihay "identified" properties which were "purchased" by using my funds and to transfer deeds to jointly owned 911 Realty Corporation ("911 Realty);

   d. $220,000 transferred on December 6, 2016 to 911 Realty's bank account to pay for expenses for property located at 406 East 94th Street, Brooklyn, New York 11212, which was later sold by Arihay;

   e. $85,000 paid by check to Defendant Pacific 2340 Corp. in 2016-2017 to pay for expenses for property located at 118-36 219th St Jamaica, NY 11411;

   f. $70,000 paid by check to Defendant A&E.R.E. Management Corp. in summer 2017 to pay for expenses for property located at 844 Herkimer St., Brooklyn, NY 11233.

6. The above sum does not reflect a complete amount that I believe Arihay ows me. For example, as described in the FAC, Arihay claimed he used money from sales of some

---

- 118-26 220th Street, Jamaica, New York 11411;
- 909 Elton Street, Brooklyn, New York 11208;
- 280 West 127th Street, New York, New York 10027;
- 844 Herkimer Street, Brooklyn, New York 11233;
- 243 Buttrick Avenue, Bronx, New York 10465;
- 905 Mother Gaston Boulevard, Brooklyn, New York 11212;
- 406 East 94th Street, Brooklyn, New York 11212.

2

properties to pay for other properties instead of returning me my investment. Sales of certain Investment Properties were never disclosed to me. I will only be able to ascertain the complete amount after I receive records and documents from Arihay.

7. As Arihay never transferred the deeds to the Investment Properties to 911 Realty pursuant to our agreement, I am concerned that he will sell the properties. Therefore, in order to preserve the status quo of the properties I caused 911 Realty to file declaratory actions in New York Supreme Court, Kings County, seeking transfer of titles to 317 East 31st Street and 844 Herkimer Street properties to 911 Realty and to declare 911 Realty as a rightful owner.

8. However, Arihay and corporate defendants are opposing them on the grounds of the pendency of this federal matter.

9. The state court has already dismissed one of the lawsuits over the property that should have been transferred into the joint ownership.

10. During the course of one state litigation, I learned that, in fact, Arihay never obtained a title to 317 East 31st Street property and its owner filed a lawsuit against Arihay alleging fraudulent transfer of the title. The property owner's lawsuit is now pending.

11. Arihay never disclosed that to me before or during that state court case.

12. I found that information out only because the state court judge dismissed the case because the titled belonged to another person.

13. If the state court dismisses the cases because of pendency of this lawsuit, I fear that Arihay will sell the remaining Investment Properties and dissipate any proceeds from the sale.

14. As stated in the FAC, he already sold certain properties without my knowledge. This includes sale of :

- 118-36 219th Street, Jamaica, New York 11411;
- 909 Elton Street, Brooklyn, New York 11208;   and
- 243 Buttrick Avenue, Bronx, New York 10465.

15. I never received any return of my investment (or profits) from the sale of the above.

16. In fact, I just learned, that during the pendency of this lawsuit, as recently as three weeks ago, on November 14, 2019, Arihay caused to sell an Investment Property at 567 Jerome Street, Brooklyn, NY.

17. I was never notified about the sale. Needless to say, this now reinforces my firm belief that Arihay will do anything to hide any money he receives and will try to sell all other properties and transfer any money out of reach in order to avoid repaying me.

18. During the course of the state court litigations, I also found out that Arihay claims that he moved to Miami, Florida.

19. I know that he boasts that he lives a lavish lifestyle there.

20. If this is true, this move provides even more opportunities for Arihay to dissipate the assets subject of this action.

21. As stated in the FAC, I also found out that Arihay recently solicited another potential investor, Alex Goryunov to invest money in a real estate in Miami. Arihay was attempting to solicit $20 million claiming that the property is worth $53 million.

22. Upon information and belief, Arihay already used up all money received from me and is seeking to defraud other investors to attract capital into his real estate flipping scheme.

23. As stated in the FAC, in summer of 2018, Arihay traveled to Florida, where he, without authorization, made a series of withdrawals from the business account of 911 Realty in

4

Chase Bank, totaling $116,650 in funds, falsely representing to the bank that he was an authorized signatory on the account, when he was not.

24. I fear that he will similarly try to put out of reach any money that he solicited from me while this lawsuit is pending.

## REQUEST FOR IMMEDIATE RELIEF

25. I seek immediate preliminary injunctive relief in the form of preliminary injunction prohibiting Arihay or any of the corporate defendants from selling, transferring, or otherwise disposing of the remaining Investment Properties, specifically:

- real property located at 317 East 31st Street, Brooklyn 11226 (in the event that Arihay receives the title after the litigation);

- real property located at 118-26 220th Street, Jamaica, New York 11411;

- real property located at 280 West 127th Street, New York, New York 10027;

- 844 Herkimer Street, Brooklyn, New York 11233; and

- 905 Mother Gaston Boulevard, Brooklyn, New York 11212.

26. I also seek an order compelling Arihay to disclose all bank accounts owned by him personally or by third parties on his behalf and freezing assets of Arihay and the corporate defendants in the amount of $888,650 representing (a) $775,000 of the funds I transferred to Arihay over the years, which he never returned and (b) $116,650 that he stole from 911 Realty bank account.

27. If this court does not act promptly to restrain the Kaikov Defendants, they will likely transfer or dissipate assets and they maybe lost forever. They are already doing so.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to penalty of perjury under the laws of the United States of America.

Dated: _____  /s/_____

Chalamo Kaikov

ОКРУЖНОЙ СУД СОЕДИНЕННЫХ ШТАТОВ
ВОСТОЧНЫЙ ОКРУГ ШТАТА НЬЮ-ЙОРК
------------------------------------------------------------------X
ШАЛАМО КАЙКОВ,                                          19-cv-2521-JBW-RER
                         Истец,

-против-

АРИХАЯ КАЙКОВА, и др.
                         Ответчики,
------------------------------------------------------------------X

## АФФИДЕВИТ ШАЛАМО КАЙКОВА В ПОДДЕРЖКУ ХОДАТАЙСТВА О ПРЕДВАРИТЕЛЬНОМ СУДЕБНОМ ЗАПРЕТЕ

Я, Шаламо Кайков, утверждаю следующее:

1. Я являюсь истцом в вышеупомянутом иске.

2. Я прочитал в переводе первую исправленную жалобу ("ПИЖ"), поданную по этому делу. Насколько я знаю и убеждён, подтверждаю, что факты, изложенные в ПИЖ, являются истинными и правильными.

3. Я представляю этот аффидевит в поддержку ходатайства истца о замораживании активов ответчиков и ускоренном раскрытии этих активов.

4. Как указано в ПИЖ, с декабря 2012 года я перечислил Арихаю Кайкову ("Арихай") значительную сумму денег на основании его заявлений о том, что мы будем совладельцами предприятия, обладающего титулами на право собственности и/или документами на недвижимость, которая будет ремонтироваться и продаваться с прибылью ("Инвестиционная недвижимость").[1]

---

[1] Как заявлено в ПИЖ, Арихай утверждал, что он использовал мои деньги для оплаты титулов/документов и/или ремонтных работ для следующих инвестиционных объектов:

- 567 Jerome Street, Brooklyn, New York 11207;
- 317 East 31st Street, Brooklyn 11226;
- 118-36 219th Street, Jamaica, New York 11411.

5.  Эта сумма включает в себя $775,000, которые я перечислил Арихаю следующим образом:

    a.  $100,000 в декабре 2012 года в качестве первоначального взноса;

    b.  $200,000 дополнительных средств в октябре 2013 года после того как Арихай, встретившись со мной в Москве, Россия сообщил, что первоначальные инвестиции принесли прибыль и дополнительный вклад в капитал был необходим для покупки большего количества недвижимости;

    c.  $100,000 в мае 2015 года, после того, как Арихай "определил" объекты недвижимости и "приобрёл" их с помощью моих средств, а также на оплату передачи документов на совместное владение компании «911 Realty Corporation» («911 Realty»);

    d.  $220,000 были перечислены 6 декабря 2016 года на банковский счёт «911 Realty» для оплаты расходов на недвижимость, расположенную по адресу 406 East 94th Street, Brooklyn, New York 11212, которую Арихай впоследствии продал;

    e.  $85,000, в форме чеков на имя ответчика «Pacific 2340 Corp.», были перечислены в 2016-2017 годах для оплаты расходов на недвижимость, расположенную по адресу 118-36 219th St Jamaica, NY 11411;

    f.  $70,000 в форме чеков на имя ответчика «A&E.R.E. Management Corp.», были перечислены для оплаты расходов на недвижимость, расположенную по адресу 844 Herkimer St., Brooklyn, NY 11233.

6. Вышеуказанная сумма не отражает общей суммы, которую, как я полагаю, Арихай мне должен. Например, как описано в ПИЖ, Арихай утверждал, что он использовал деньги от продажи некоторых объектов недвижимости для оплаты других объектов вместо того, чтобы вернуть мои инвестиции. О продажах некоторых инвестиционных объектов мне вообще не сообщалось. Я смогу установить полную сумму только после того, как получу отчётные записи и документы от Арихая.

7. Поскольку, вопреки нашему соглашению, Арихай никогда не передавал документы на инвестиционную недвижимость компании «911 Realty», я обеспокоен тем, что он продаст эту недвижимость. Поэтому, чтобы сохранить статус-кво объектов собственности, я побудил «911 Realty» подать декларатоные иски в Верховный суд штата Нью-Йорк, округ Кингс, добиваясь передачи прав собственности на объекты недвижимости по 317 East 31st Street и 844 Herkimer Street компании «911 Realty» и объявить «911 Realty» их законным владельцем.

8. Однако Арихай и корпоративные ответчики выступают против этих исков на основании существования данного федерального разбирательства.

9. Суд штата уже отклонил один из исков по поводу имущества, которое должно было быть передано в совместную собственность.

10. В ходе одного из судебных разбирательств в суде штата я узнал, что, в действительности, Арихай никогда не обладал титулом на право собственности на 317 East 31st Street. Её владелец подал против Арихая иск о мошенничестве, который в настоящее время находится на рассмотрении.

3

11. Арихай никогда не рассказывал мне об этом ни до, ни во время того разбирательства в суде штата.

12. Я узнал об этом только потому, что суд штата отклонил дело т.к. титул на право собственности принадлежал другому лицу.

13. Если суд штата отклонит дела из-за наличия этого иска, существует опасность того, что Арихай продаст оставшуюся инвестиционную недвижимость и рассеет доходы от её продажи.

14. Как указано в ПИЖ, он уже продал некоторые объекты недвижимости без моего ведома. Они включают:

- 118-36 219th Street, Jamaica, New York 11411;
- 909 Elton Street, Brooklyn, New York 11208; и
- 243 Buttrick Avenue, Bronx, New York 10465.

15. Я никогда не получал никакого возврата инвестиций (или прибыли) от продажи вышеупомянутых объектов недвижимости.

16. В действительности, я только что узнал, что во время рассмотрения данного иска, всего лишь три недели назад - 14 ноября 2019 года - Арихай способствовал продаже инвестиционной недвижимости по адресу Джером-стрит, 567, Бруклин, Нью-Йорк.

17. Меня не уведомили о продаже. Излишне говорить, что это только укрепило мою твёрдую уверенность в том, что Арихай сделает все, чтобы скрыть любые полученные им средства, попытается продать оставшиеся объекты недвижимости и перевести вырученные деньги за пределы досягаемости, чтобы избежать выплаты мне долга.

4

18. В ходе судебных разбирательств в суде штата я также узнал, что Арихай утверждает, что он переехал в Майами, штат Флорида.

19. Я знаю, что он хвалится, что ведёт там роскошный образ жизни.

20. Если информация верна, то этот переезд предоставляет Арихаю ещё больше возможностей рассеять активы, являющиеся предметом данного иска.

21. Как говорится в ПИЖ, я также узнал, что Арихай недавно предложил другому потенциальному инвестору, Алексу Горюнову, вложить деньги в недвижимость в Майами. Арихай пытался получить 20 миллионов долларов, утверждая, что имущество оценивается в 53 миллиона.

22. Я проинформирован и убеждён, что Арихай уже израсходовал все деньги, полученные от меня, и пытается обмануть других вкладчиков, чтобы привлечь капитал в свою схему спекуляции недвижимостью.

23. Как говорится в ПИЖ, летом 2018 года Арихай отправился во Флориду, где он без разрешения произвёл ряд изъятий фондов из бизнес-счета компании «911 Realty» в Chase Bank на общую сумму $116,650, ложно представившись банку уполномоченным подписантом на счёте, каковым в действительности не являлся.

24. Я опасаюсь, что, пока этот иск находится на рассмотрении, он подобным же образом попытается поместить вне досягаемости выманенные у меня деньги.

**ПРОСЬБА О НЕМЕДЛЕННОЙ ПОМОЩИ**

25. Я прошу немедленного предварительного судебного запрета с целью воспрепятствовать Арихаю, или любому из корпоративных ответчиков, продавать, передавать или иным образом распоряжаться оставшейся инвестиционной собственностью, в частности:

- недвижимостью, расположенной по адресу: 317 East 31st Street, Brooklyn 11226 (если в результате судебного разбирательства Арихай получит титул на право собственности);
- недвижимостью, расположенной по адресу: 118-26 220th Street, Ямайка, Нью-Йорк 11411;
- недвижимостью, расположенной по адресу: 280 West 127th Street, New York, Нью-Йорк 10027;
- недвижимостью, расположенной по адресу: 844 Herkimer Street, Brooklyn, New York 11233; и
- недвижимостью, расположенной по адресу: 905 Mother Gaston Boulevard, Brooklyn, New York 11212.

26. Я также требую решения, обязующего Арихая раскрыть все банковские счета, принадлежащие ему лично или третьим лицам от его имени, и замораживающего активы Арихая и корпоративных ответчиков на сумму $888,650, представляющую собой: (а) $775,000 из средств, которые я перечислил Арихаю за эти годы и которые он не вернул, и (б) $116,650, которые он похитил с банковского счета компании «911 Realty».

27. Если этот суд не будет действовать оперативно, Кайков и др. ответчики, вероятнее всего, передадут или распылят активы, и они будут потеряны навсегда. Они уже делают это.

Я подтверждаю, что вышеизложенные заявления, сделанные мной, являются правдивыми. Я полностью осознаю, что если какое-либо из приведённых выше утверждений окажется заведомо ложным, я подвергнусь наказанию за лжесвидетельство в соответствии с законодательством Соединённых Штатов Америки.

Дата:

/s/ _____

Кайков Шаламо

7