SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------X
911 REALTY CORP.,

        Plaintiff,

        -against-

ARIHAY KAIKOV and
AERE MANAGEMENT CORP.

        Defendants
-----------------------------------------------------------X

Index No: 510586/2019

**AFFIRMATION IN SUPPORT**

    Dustin Bowman, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the truth of the following under the penalty of perjury, pursuant to CPLR § 2106:

1.     I am a Partner of Shiryak, Bowman, Anderson, Gill and Kadochnikov LLP, the attorneys of record for Defendants Arihay Kaikov and A&E.R.E. Management Corp. (hereinafter collectively referred to as "the Defendants" of "Defendants") and as such, I am fully familiar with all the facts and circumstances set forth in this affirmation, which is made in support of Defendants' instant amended motion to dismiss.

### PROCEDURAL AND FACTUAL BACKGROUND

2.     On or about May 13, 2019, Plaintiff filed a Summons and Complaint regarding an alleged ownership interest in the property known as 844 Herkimer Street, Brooklyn, NY 11233 (hereinafter "Subject Property" or "Subject Premises"). See Exhibit A for Plaintiff's Summons and Complaint and Notice of Pendency; See also Exhibit B for Affidavits of Service.

3.     However, at the time that Plaintiff alleged service was effectuated on Arihay Kaikov, presumably pursuant to CPLR section 308(1) or CPLR section 308(2), Kaikov was not

**EXHIBIT 5**

living at the address where service was allegedly effectuated, nor had he stayed at the address where service was allegedly effectuated. In fact, Kaikov was staying at 204 Centre Island Road, Oyster Bay, NY 11771, which is Kaikov's second residence when he was residing full-time in Florida. *See* Exhibit D for New York and Florida utilities bills. The address where service was allegedly effectuated was where Defendant's mother resides—not Defendant. *See* Exhibit E.

4. Interestingly, identical litigation had already been commenced against Defendants by Plaintiff, through his uncle, on or about April 29, 2019, in the Eastern District of New York. The Summons and Complaint are annexed hereto as Exhibit C.

5. As such, the Court must dismiss this action pursuant to CPLR section 3211(a)(4) or CPLR section 3211(a)(8) or, at a minimum, the Court must order a traverse hearing.

**BECAUSE THERE IS DUPLICATIVE FEDERAL LITIGATION, PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO CPLR SECTION 3211(a)(4).**

6. Pursuant to CPLR § 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same. It is not necessary that the precise legal theories presented in the first action also be presented in the second action long as the relief ... is the same or substantially the same. *JP Morgan Chase Bank, National Association v. Luxama*, 172 A.D.3d 1341 (2d Dep't 2019) (internal citations and quotations omitted). Additionally, while a complete identity of parties is not a necessity for dismissal under CPLR 3211(a)(4), there must at least be a substantial identity of parties. *JP Morgan Chase Bank, National Association v. Luxama*, 172 A.D.3d 1341 (2d Dep't 2019) (internal citations and quotations omitted).

7. In *DAIJ, Inc. v. Roth*, 85 A.D.3d 959 (2nd Dep't, 2011), the Second Department providently exercised this discretion in granting the defendant's motion to dismiss the complaint

pursuant to CPLR §3211(a)(4) upon finding that an action commenced in the Supreme Court and an action pending in the Civil Court of the City of New York arose from the same subject matter and alleged wrongs, and involved substantial identity of the parties and similarity of the claims. *Id.* In *DAIJ, Inc.*, the Second Department noted that, pursuant to CPLR §3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon the existence of another pending action involving substantially identical parties, and sufficiently similar actions and relief. *See Id.*

8. Here, the action that the Plaintiff commenced in the Eastern District encompasses the Plaintiff's causes of action and prayer for relief in this instant action. Compare Exhibit A with Exhibit C. Moreover, the instant action should be dismissed pursuant to CPLR section 3211(a)(4) because the alleged wrongs, identity of the parties and prayer for relief are nearly identical. Compare Exhibits A and C. For example, both actions allege that Chalamo Kaikov and Arhay Kaikov opened a joint corporation, 911 Realty Corp., for investment properties and joint expenses. Compare Exhibits A with C. Additionally, both actions include fact patterns specifically listing the Subject Property as an investment property of the corporation. Compare Exhibits A with C.

9. Furthermore, although complete identity of the parties is not a necessity for dismissal under CPLR§ 3211(a)(4), it is important to note that the Plaintiff is the *same* in both actions and is entirely aware that the same issue is being litigated in two different courts. In essence, the Plaintiff is misappropriating its corporate form to litigate an alleged wrongdoing that the Plaintiff is already litigating in his individual capacity in Federal Court. Compare Exhibits A and C. To allow this action to continue in Supreme Court is against the interests of justice.

10. Thus, as the Court has broad discretion in determining whether an action should be dismissed based the existence of another pending action involving substantial identity of the parties, sufficiently similar actions and relief, it would be entirely appropriate for the Court to dismiss the complaint in the instant action pursuant to CPLR §3211(a)(4). *See, e.g.*, *JP Morgan Chase Bank, National Association v. Luxama*, 172 A.D.3d 1341 (2d Dep't 2019).

11. It should also be noted that the parties in this lawsuit were involved in similar litigation under Index Number 509105/2019. *See* Exhibit F. In that case, the Hon. Debra Silber dismissed Plaintiff's complaint pursuant to CPLR section 3211(a)(4). *See* Exhibit G. A similar order must be made in this case.

**PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO CPLR SECTION 3211(a)(8).**

12. CPLR section 3211(a)(8) provides: "A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: … the court has not jurisdiction of the person of the defendant." C.P.L.R. § 3211(a)(8) (McKinney 2019).

13. It is undisputed now that "'[t]he court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process.'" *Deutsche Bank National Trust Company, etc. v. Patrick*, 173 A.D.3d 973, 975 (2d Dep't 2019) (quoting *Washington Mut. Bank v. Murphy*, 127 A.D.3d 1167, 1173 (2d Dep't 2015)).

14. While a process server's affidavits of service constitute prima facie evidence that a party was validly served; *See Bank of N.Y. v. Segui*, 68 A.D.3d 908, 909 (2d Dep't 2009), *US Consults v. APG, Inc.*, 82 A.D.3d 753, 753 (2d Dep't 2011), *Bank of New York v. Samuels*, 107 A.D.3d 653, 653 (2d Dep't 2013); a sworn denial of service alleging specific facts to rebut the statements of the process server's affidavits may rebut the prima facie evidence of the process server's affidavits, *See Simonds v. Grobman*, 277 A.D.2d 369, 369 (2d Dep't 2000).

15. In this case, it appears that Plaintiff alleges service was effectuated pursuant to CPLR section 308(1). In the interest of thoroughness, Defendant also rebuts any potential claim that service was effectuated pursuant to CPLR section 308(2).

16. Preliminarily, as evidenced by Kaikov's driver's license and electric bill, his actual place of residence in May 2019 was Sunny Isles Beach, Florida. *See* Exhibit H and I. He was not a resident of New York. While Defendant was in New York at the time service was alleged; *See* Exhibit J for flight details evincing he was in New York, he was not staying at, nor had he visited the address where service was allegedly effectuated. In fact, the property where service was allegedly effectuated is where Defendant's mother resides—not Defendant. *See* Exhibit E.

17. Notably, the parties in this case were engaged in litigation under Index Number 509105/2019. *See* Exhibit F. In that case, Plaintiff alleged that service was effectuated on May 21, 2019, by delivering a true copy to Defendant Kaikov personally. *See* Exhibit K. However, as evidenced by Kaikov's flight receipts, driver's license, and electrical bills, he was not in New York at the time service was allegedly effectuated. *See* Exhibits H, I, and J. Interestingly, the process server who wrongly alleged service in that case (509105/2019) is the same process server alleging that service was effectuated in this case. *See* Exhibits K and B for comparison. The tendency on the part of this alleged process server to wrongly allege service was effectuated should be considered in review of the service alleged in this case.

18. Pursuant to CPLR 308(1), "[p]ersonal service upon a natural person shall be made … by delivering the summons within the state to the person to be served."

19. Defendant flatly rejects that he was personally served, as alleged by Plaintiff. *See* Exhibit B. Service was allegedly effectuated at a residence that Defendant was not residing in,

nor staying at. Defendant does not own this property. In fact, in the short time Defendant was in New York, he was staying at 204 Centre Island Road, Oyster Bay, NY 11771. *See* Exhibit D for utilities bills. Given the process server's disputed affidavit in the previous litigation involving these parties, at a minimum, the Court should grant a traverse hearing.

20. As mentioned, in the interest of thoroughness, Defendant also disputes that service could have been effectuated pursuant to CPLR 308(2), which provides:

> Personal service upon a natural person shall be made … by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business….

CPLR § 308(2) (McKinney 2019).

21. For one, Arihay Kaikov was a Florida resident, so service effectuated pursuant to CPLR section 308(2) is certainly improper, as the address where service was allegedly effectuated was not Kaikov's "dwelling place or usual place or abode." CPLR § 308(2) (McKinney 2019).

22. Thus, Defendant Arihay Kaikov could not possibly have been served pursuant to CPLR section 308(2) because he was a resident of Sunny Isles Beach, Florida. *Id.*

23. Even if it was found that the address where service was allegedly effectuated is indeed his usual place of abode, there was no additional mailing as is required by CPLR section 308(2).

24. Further, the property owner of the address where service was allegedly effectuated was not authorized to accept service on behalf of Defendant.

25. For these reasons, the Court must dismiss this case pursuant to CPLR section 3211(a)(8), or, at a minimum, the Court should order a traverse hearing.

26. One prior request for the relief requested herein has been made of this court; however, the prior request was made pursuant to CPLR section 3211(a)(4), whereas this request is pursuant to CPLR section 3211(a)(8).

**WHEREFORE**, the undersigned respectfully requests

a) Pursuant to CPLR 3211 § (a)(8), dismissing Plaintiff's Complaint; and
b) Granting such other and further relief that this Court may deem just and proper

Dated: October 29, 2019
Kew Gardens, New York

                                 Yours, etc.
                                 **SHIRYAK, BOWMAN, ANDERSON, GILL, & KADOCHNIKOV LLP**

                                 _____
                                 Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP
                                 By: Dustin Bowman, Esq.
                                 80-02 Kew Gardens Road, Suite 600
                                 Kew Gardens, New York, 11415
                                 Tele: (718) 263-6800
                                 Fax: (718) 520-9401

## ATTORNEY CERTIFICATION

      I, Dustin Bowman, Esq., hereby certify, under penalty of perjury, and as an officer of the court, that to the best of my knowledge, information and belief, formed after an inquiry reasonably under the circumstances, the presentation of the papers or the contentions herein are not frivolous as defined in 22 NYCRR Section 130-1.1(c).

Dated:      October 29, 2019
              Kew Gardens, New York

*Dustin Bowman, Esq.*