SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
911 REALTY CORP.,

    Plaintiff,

    -against-

ARIHAY KAIKOV and
ROYAL A&K REALTY GROUP INC,

    Defendants
------------------------------------------------------------X

Index No: 509105/2019

**AFFIRMATION IN SUPPORT**

Dustin Bowman, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the truth of the following under the penalty of perjury, pursuant to CPLR § 2106:

1. I am partner of Shiryak, Bowman, Anderson, Gill and Kadochnikov LLP, the attorney of record for Defendants ARIHAY KAIKOV and ROYAL A&K REALTY GROUP, INC. (hereinafter collectively referred to as "Defendants") and as such, I am fully familiar with all the facts and circumstances set forth in this affirmation, which is made in support of Defendants' instant motion to dismiss.

## PROCEDURAL BACKGROUND

2. On or about April 24, 2019 Plaintiff filed a Summons and Complaint regarding an alleged ownership interest in the property known as 317 East 31st Street, Brooklyn, NY 11266, Block 4948, Lot 82 (hereinafter "Subject Property"). See Exhibit A for Plaintiff's Summons and Complaint and Notice of Pendency.

**EXHIBIT 8**

3. On or about April 29, 2019, the Plaintiff, by his uncle, commenced an **identical action** against the Defendants in the Eastern District of New York. The Summons and Complaint are annexed hereto as Exhibit B.

4. On or about May 10, 2019, Plaintiff filed a motion for Pro Hac Vice of Maria Temkin.

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS IS DUPLICATIVE OF FEDERAL COURT ENTRY

5. CPLR 3211(a)(4) provides that a party may move for judgment dismissing one or more causes of action asserted against him on the ground that " there is another action pending between the same parties for the same cause of action in a court of any state."

6. In DAIJ, Inc. v. Roth, 85 A.D.3d 959 (2nd Dept, 2011), the Second Department providently exercised this discretion in granting the defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(4) upon finding that an action commenced in the Supreme Court and an action pending in the Civil Court of the City of New York arose from the same subject matter and alleged wrongs, and involved substantial identity of the parties and similarity of the claims. In DAIJ, Inc., the Second Department noted that, pursuant to CPLR 3211 (a)(4), a court has broad discretion in determining whether an action should be dismissed based upon the existence of another pending action involving substantially identical parties, and sufficiently similar actions and relief. See Id.

7. The action that the Plaintiff commenced in the Eastern District encompasses the Plaintiff's causes of action and prayer for relief in this instant action. The alleged wrongs, identity of the parties and prayer for relief are nearly **identical**. Although complete identity of the parties is not a necessity for dismissal under CPLR 3211(a)(4), it is important to note that the Plaintiff is

*same* in both actions and is entirely aware that the same issue is being litigated in two different courts. In essence, the Plaintiff is misappropriating its corporate form to litigate an alleged wrongdoing that the Plaintiff is already litigating in his individual capacity in Federal Court. To allow this action to continue in Supreme Court is against the interests of justice. In fact, Paragraph 54 of the Plaintiff's complaint in the pending federal action specifically identifies the Subject Property of this action as a part of a "joint agreement. See ¶ 54 of Exhibit B. Both the federal action and the instant action allege damages from breach of this "joint agreement."

8. Thus, as the Court has broad discretion in determining whether an action should be dismissed based the existence of another pending action involving substantial identity of the parties, sufficiently similar actions and relief, it would be entirely appropriate for the Court to dismiss the complaint in the instant action pursuant to CPLR 3211(a)(4).

## NOTICE OF PENDENCY MUST BE VACATED OR CANCELLED

9. Additionally, the Notice of Pendency must be cancelled as the Plaintiff has failed to serve the Defendants within thirty days. CPLR § 6512(a) provides that a notice of pendency is "effective **only if**, within **thirty days** after filing, a summons is served upon the defendant or first publication of the summons against the defendant is made pursuant to an order and publication is subsequently completed."

10. Cancellation is mandatory pursuant to CPLR 6514(a) if service of a summons has not been completed within the thirty days required under CPLR § 6512. In Rabinowitz v. Larkfield Properties, 647 N.Y.S.2d 820, 821 (2d Dept. 1996), in reversing the Supreme Court's refusal to cancel a notice of pendency, held:

> The plaintiff commenced this action and filed a notice of pendency on the property on October 11, 1994, but failed to serve Beechwood, the record owner, within 30 days

thereafter as required by CPLR 6512. Under these circumstances, the plaintiff failed to strictly comply with the procedures of CPLR Article 65 and Beechwood was entitled to cancellation of the notice of pendency pursuant to CPLR 6514(a).

11. In the instant matter, the notice of pendency must be canceled for failure to serve the Defendants within thirty (30) days as required under CPLR § 6512.

### PLAINTIFF'S MOTION FOR PRO HACE VICE MUST BE DENIED

12. The well-known requirement of CPLR 2217(b) states that, on an ex-parte motion, the moving papers must contain an affidavit attesting to whether any earlier motion sought "similar relief" and, if so, how it was disposed of, what new facts have now arisen, etc.

13. This is reinforced by Rule 3.3(d) of the New York Rules of Professional Conduct, providing that, "[i]n an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." That provision imposes an independent obligation on a lawyer making an ex parte motion to disclose the result of any prior motion for similar relief.

14. The court has broad discretion whether to grant pro hac vice admission to an out of state attorney. (22 NYCRR 520.11 (a)(1)) Admission Pro Hac Vice is a privilege, not a right. Leis v. Flynt, 439 U.S. 438 (1979). The Plaintiff's Motion for Admission Pro Hac Vice of Maria Temkin must be denied because the motion does not contain an affidavit compliant with the applicable CPLR 2217(b) standards.

15. No prior relief has been requested.

**WHEREFORE**, the undersigned respectfully requests

a) Pursuant to CPLR 3211 § (a)(4), dismissing Plaintiff's Complaint
b) Pursuant to CPLR § 6512 and 6514(a), cancelling the notice of pendency filed by Plaintiff;
c) Pursuant to CPLR§ 2217(b), denying the Plaintiff's motion for Pro Hac Vice admission; and
d) Granting such other and further relief that this Court may deem just and proper.

Dated: May 29, 2019
Kew Gardens, New York

Yours, etc.
**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV LLP**

_____
Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP
By: Dustin Bowman, Esq.
80-02 Kew Gardens Road, Suite 600
Kew Gardens, New York, 11415
Tele: (718) 263-6800
Fax: (718) 520-9401