SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------x
PAUL FINE,

        Plaintiff,

   -against-

ROYAL A&K REALTY GROUP, INC., YUSAF KHOLDOROV,
NINA NINA BOMPART, TIMOTHY BOMPART, NICHOLAS
BOMPART,

        Defendants.

------------------------------------------------------------------x

**VERIFIED COMPLAINT**

Index No.

    Plaintiff, by his attorney, Steven P. Sheffler as and for his Verified Complaint, respectfully shows and alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1. At all times hereinafter mentioned, plaintiff Paul Fine was and still is a person residing at 317 East 31st Street, Brooklyn, NY 11226.

2. Upon information and belief, defendant Royal A&K Realty Group, Inc. is a company organized under the laws of the State of New York with an address at 96-62 Queens Boulevard, Rego Park, NY 11374.

3. Upon information and belief, Yusaf Kholdorov, Nina Nina Bompart, Timothy Bompart, and Nicholas Bompart are officers and/or owners of defendant Royal A&K Realty Group, Inc. With business addresses at 96-62 Queens Boulevard, Rego Park, N Y 11374.

4. This action is within the jurisdiction of this court.

**EXHIBIT 10**

5. At all times hereinafter mentioned, Plaintiff Paul fine owned and resided at the premises known as 317 East 31st Street, Brooklyn, NY 11226.

6. Upon information and belief, on or about January 28, 1993 Plaintiff, along with his sisters Helen Tod Todman and Theresa Fine Tuckett. Purchased the subject premises from Anne Esposito. (Exhibit A)

7. Upon information and belief on or about February 9, 1993 Plaintiif and his aforementioned sisters transferred title to the subject premises to Plaintiff. (Exhibit B)

8. Since the purchase of the subject premises it is, was and has been his primary residence.

9. On or about 2011 due to financial hardships, Plaintiff fell behind in his mortgage payments on the subject premises.

10. On or about 2012 Defendants contacted Plaintiff and offered to work with the mortgagee on Plaintiff's behalf to arrange for a short sale of the premises.

11. In order to accomplish the short sale, Defendants informed Plaintiff he would pay the Plaintiff $15,000.00 to sign the deed over to him and would hold the deed in escrow until the short sale was approved and pay Plaintiff an additional $35,000.00 upon completion of the short sale.

12. Upon information and belief, on November 30, 2012 said deed was executed by Plaintiff.

13. Upon information and belief, on December 6, 2012 Defendants filed a deed transfer regarding Plaintiff's premises. (Exhibit C).

14. Defendants December 6, 2012 recording of the deed violated RPAPL Sec.236-A.

15. Defendants recording of the deed to the subject premises violated the terms of the oral escrow agreement between the parties.

16. Plaintiff and his property are covered by RPAP: Sec. 265-A, also known as the Home Equity

Theft Prevention Act.

17. In order to purchase the home, Defendants were required to provide Defendant with a written contract that complied with RPAPL Sec. 265-A.

18. Defendants never provided Plaintiff with a contract that contained his name, the business address and telephone number of the equity purchaser.

19. Defendants never provided Plaintiff with a contract that provided the total consideration to be given by the equity purchaser in connection with and/or incident to the sale of the subject premises.

20. Defendants never provided Plaintiff with a contract that had the complete description of the terms of payment or other consideration including, but not limited to, any services of any nature which the equity purchaser represents he will perform for the equity seller before or after the sale.

21. Defendants never provided Plaintiff with a contract that stated the time at which physical possession of the residence is to be transferred to the equity purchaser and the residence vacated by the equity seller.

22. Defendants never provided Plaintiff with a contract that stated the terms of any rental or lease agreement.

23. Defendants never provided Plaintiff with a contract that stated the terms of any reconveyance arrangement.

24. Defendants never provided Plaintiff with a contract that provided a notice of cancellation as provided in paragraph (a) of subdivision six of RPAPL Sec.265-A.

25. Defendants never provided Plaintiff with a contract with required RPAPLSec 265-A4(I). RPAPL Sec. 265-A 4(I) notices.

26. Defendants never provided Plaintiff with a contract that complied with RPAPL Sec. 265-A, 6 (a) and (b).

27. Defendants, who represented itself as sophisticated in all real estate matters, especially foreclosure avoidance and resolution never even attempted to comply wth RPAPL 265-A.

28. Defendants preyed upon Plaintiff because he was financially distressed and not thinking clearly due to this financial pressure, going so far as to demand Plaintiff pay Defendants rent in order to continue to reside in his house.

29. The law provides for the nullification of a deed transfer when the Equity transfer failed to comply with RPAPL Sec. 265-A et seq. (Puzzuoli v. JP Morgan Chase Bank, N.A. 2016 NY Slip Op 26457)

30. RPAPL Sec. 1521 (1) authorizes the Court to issue anorder directing a County Clerk to cancel a deed of record.

31. Defendants actions violated PAPL Sec 265-A.

32. Plaintiff has become aware that due to Defendants' total failure to perform any act whatsoever to protect Plaintiff's interest in the home and negotiate a short sale of the subject premises it has fallen into foreclosure, an action for which was filed under Index Number 0504084/2016 before this Court.

33. Upon information and belief, at all times material, the Defendants operated together with unity of control whereby a court's observance of corporate form would sanction a fraud or promote injustice, and with unity of interest and ownership that the separate personalities of the corporation and owners cease to exist so as to dominate and control the other as to make that other simply an instrumentality or adjunct to it whereby a court's observance of the corporate form could permit the Defendants to confuse and frustrate any efforts by the public and in

particular Plaintiff to protect the latter's rights while allowing the responsible party to evade liability, thereby each Defendant being as a veiled legal fiction of the other without distinction of corporate existence.

34. That by reason of the foregoing, Plaintiff Paul Fine has been damaged in that his property has been stolen from him in violation of the law.

35. That by reason of the foregoing Plaintiff has incurred legal fees for the return of his property.

36. That by reason of the foregoing Plaintiff has been unable to find a purchaser for his property.

37. That by reason of the foregoing, plaintiff is now unable to take advantage of the home retention possibilities afforded by the law.

38. That by reason of the foregoing Plaintiff has been defrauded by Defendants.

WHEREFORE, Plaintiff demands judgement against Defendants as follows:

1. An Order striking the deed recorded by Defendants from the public record;

2. Damages in the amount of $2,000,000.00 for Defendants' fraud and attempt at extortion;

3. Attorney fees together with the costs and disbursements of this action; and

4. Any other relief as to the Court seems just and appropriate.

Dated: Baldwin, NY
November 26, 2018

Steven P. Sheffler
Attorney for Plaintiff
1286 Grand Avenue
Baldwin, NY 11510
(516)379-3593

STATE OF NEW YORK)
)
COUNTY OF NASSAU )ss:

PAUL FINE, being duly sworn, deposes and says that:

I am the plaintiff in the within action, have read the foregoing Verified Complaint and know the contents thereof to be true to my own knowledge except as to those matters said to be upon information and belief and as to those matters affirmant believes them to be true.

_____
Paul Fine

Sworn to before me this 13
day of November, 2018

_____
Notary

STEVEN P. SHEFFLER
Notary Public, State of New York
No. 02SH6052492
Qualified in Nassau County
Commission Expires Dec. 18, 20__

Index No.

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

PAUL FINE,
Plaintiff,

-against-

ROYAL A&K REALTY GROUP, INC.; YUSAF KHOLDOROV; NINA NINA BOMPART; TIMOTHY BOMPART; & NICHOLAS BOMPART,
Defendants.

SUMMONS AND COMPLAINT

Steven P. Sheffler
Attorney for Petitioner
1286 Grand Avenue
Baldwin, NY 11510
(516)379-3593

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.
Dated:...............................Signature.............................................................
Print Signer's name............................................

Service of a copy of the within                                                                                    Is hereby admitted.
Dated:
..................................................................
Attorney(s) for

CIVIL COURT OF THE CITY OF NEW YORK L&T PART
COUNTY OF KINGS
-----------------------------------------------------------------x
ROYAL A&K REALTY GROUP INC.,                    Index No. 065431/2019

                           Plaintiff,           AFFIRMATION OF MAILING

        -against-

PAUL FINE, JOHN & JANE DOE,
                           Respondents.

-----------------------------------------------------------------x

Steven P. Sheffler deposes and says that:

1. I am an attorney duly licensed to practice before this Court, and represent the Defendant Paul Fine herein.

2. In furtherance thereof, on July 8, 2019, I mailed the attached to the Petitioner's counsel, Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, 80-02 Kew Garden Road, Ste. 600, Kew Gardens, NY 11415.

The foregoing is true under the penalties of perjury.

Dated: Baldwin, NY
       July 8, 2019

                                                _____
                                                Steven P. Sheffler
                                                Attorney for Respondent
                                                1286 Grand Avenue
                                                Baldwin, NY 11510
                                                (516)379-3593

Index No.065431/2019

CIVIL COURT OF THE CITY OF NEW YORK, L&T Part
COUNTY OF KINGS

---

ROYAL A&K REALTY GROUP INC.,
Petitioner,

-against-

PAUL FINE; JOHN and JANE DOE,
Respondents.

---

ANSWER

---

Steven P. Sheffler
Attorney for Defendant
1286 Grand Avenue
Baldwin, NY 11510
(516)379-3593

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.
Dated:...........................Signature............................................................
Print Signer's name............................................

---

Service of a copy of the within                                                           Is hereby admitted.
                              Dated:
                        ..........................................................
                                Attorney(s) for