SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------X

905 MOTHER GASTON LLC                                    Index No: 2163/2018

        Plaintiff,

        -against-                                    **NOTICE OF CROSS MOTION**

ARIHAY KAIKOV (A/K/A ARKADY KAIKOV)
And MOTHER GASTON 905 CORP.

        Defendants

--------------------------------------------------------X

      **PLEASE TAKE NOTICE** that upon the affirmation of Matthew J. Routh, Esq., and the

exhibits and supporting papers attached hereto, Defendants ARIHAY KAIKOV (A/K/A

ARKADY KAIKOV) and 905 MOTHER GASTON 905 CORP. will move this Court on **August**

**7th 2019** at 9:30 a.m., at the Kings County Supreme Court, located at 360 Adams Street,

Brooklyn, New York, before the Hon. Richard Velasquez, at IAS: Part 66, for an order:

   **1)**  Pursuant to CPLR §3211(a)(7) dismissing the instant complaint as against Defendant Arihay

      Kaikov (a/k/a Arkady Kaikov);

   **2)**  Pursuant to CPLR 3211(a)(7) dismissing the instant complaint as against Defendant Mother

      Gaston 905 Corp;

   **3)**  Denying Plaintiff's motion for admission *pro hac vice* for Maria Temkin.

Dated: June 24, 2019
      Kew Gardens, New York

                   Yours etc.,
                   **ANDERSON, BOWMAN & ZALEWSKI PLLC**

                   By:  Matthew J. Routh, Esq.
                   Attorneys for Defendants
                   80-02 Kew Gardens Road, Suite 600
                   Kew Gardens, New York 11415
                   P: (718) 263-6800
                   F: (718) 520-9401

EXHIBIT 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------X

905 MOTHER GASTON LLC                                    Index No: 509105/2019

                        Plaintiff,

                    -against-                            **AFFIRMATION IN
                                                         SUPPORT**


ARIHAY KAIKOV (A/K/A ARKADY KAIKOV)
And MOTHER GASTON 905 CORP.

                        Defendants
----------------------------------------------------------X

Matthew J. Routh, Esq., an attorney duly admitted to practice law before the Courts of the

State of New York, hereby affirms the truth of the following under the penalty of perjury,

pursuant to CPLR § 2106:

1.       I am an associate attorney of Anderson, Bowman, and Zalewski PLLC, the

attorneys of record for Defendants ARIHAY KAIKOV (A/K/A ARKADY KAIKOV) and 905

MOTHER GASTON 905 CORP (hereinafter collectively referred to as "Defendants" or "Defendant

Kaikov" or "Defendant Mother Gaston") and as such, I am fully familiar with all the facts and

circumstances set forth in this affirmation, which is made in support of Defendants' instant motion

to dismiss.

### I. PRELIMINARY STATEMENT

2.       As will be discussed in greater detail *infra,* Plaintiff's complaint is an incoherent

mess that, even when viewed in a light most favorable to Plaintiff, fails to articulate any

cognizable cause of action against Defendants. To further compound Plaintiff's facially deficient

complaint, Plaintiff fails to plead the pre-requisite facts necessary pursuant to CPLR§3016(b).

Furthermore, Plaintiff's motion in chief seeking admission of attorney Maria Tempkin *pro hac*

*vice* is wholly unnecessary, does not serve judicial efficiency, and is a transparent attempt to rack up legal fees.

3.      Therefore, Defendants' cross motion should be granted and Plaintiff's motion in chief denied.

## II. PROCEDURAL HISTORY

4.      On or about August 28, 2018, Plaintiff commenced this action through the filing of a Summons and Complaint. See Exhibit A for Plaintiff's Complaint.

5.      On or about September 12, 2018, Defendants filed a Verified Answer. See Exhibit B.

6.      On or about June 20, 2019, Plaintiff filed the instant motion seeking the admission of Maria Temkin, *pro hac vice* for purposes of appearing and participating on behalf of Plaintiff.

## III. LEGAL ARGUMENT

### i. *CPLR §3211(a)(7) Standard.*

7.      A motion to dismiss under CPLR §3211 (7) allows a party to move for judgment dismissing one or more causes of action asserted against him on the ground that the pleading fails to state a cause of action. See CPLR § 3211 (a) (7).

8.      The criterion for deciding whether to dismiss for failure to state a cause of action is whether proponent of pleading has a cause of action, not whether proponent has stated one. Leon v. Martinez, 84 N.Y.2d 83, 638 N.E.2d 511, 614 N.Y.S.2d 972 (1994).  When a party moves to dismiss a complaint pursuant to CPLR § 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action. Butler v. Magnet Sports & Entertainment Lounge, Inc., 135 A.D.3d 680, 681 (2d Dep't 2016). Furthermore, upon a motion to dismiss for failure to state a cause of action, the court must determine whether from the

four corners of the pleading factual allegations are discerned which taken together manifest any cause of action cognizable at law.  Sheridan v. Carter, 48 A.D.3d 444, 445 (2d Dep't 2008). Where a material element is lacking and the allegations make it difficult for defendant to answer, the complaint should be dismissed with leave to re-plead. Gray v. Rochester Gas and Elec. Corp., 97 A.D.2d 975 (4th Dep't 1983).

9.      Concrete factual allegations must be asserted in the complaint supporting or tending to support the elements of the cognizable cause of action. See Sager v. City of Buffalo, 151 A.D.3d 1908, 58 N.Y.S.3d 796 (4th Dep't 2017). Allegations consisting of bare legal conclusions will not suffice. See Connaughton v. Chipotle Mexican Grill, Inc., 29 N.Y.3d 137, 53 N.Y.S.3d 598, 75 N.E.3d 1159 (2017); Mid-Hudson Valley Federal Credit Union v. Quartararo, 155 A.D.3d 1218, 64 N.Y.S.3d 389, aff'd 31 N.Y.3d 1090, 78 N.Y.S.3d 703, 103 N.E.3d 774.

10.      Lastly, the test to be applied is whether the complaint gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments. JP Morgan Chase v. JH Elec. of New York, Inc., 69 A.D.3d 802, 803 (2d Dep't 2010)(citation and quotations omitted); see also Farmer v. Green Bus Lines, Inc., 254 A.D.2d 389, 390 (2d Dep't 1998) ("the court's task is to determine whether, accepting as true the factual averments of the complaint, plaintiff can succeed upon any reasonable view of the facts stated.")

## A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS AGAINST DEFENDANT KAIKOV.

### 1. Plaintiff's complaint fails to satisfy CPLR § 3016(b).

11.      CPLR § 3016(b) requires a somewhat heightened pleading requirement for a cause of action "based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence." *NY CPLR Rule 3016McKinney's Consolidated Laws of New York Annotated.*

12.    In Swartz v. Swartz, 145 A.D.3d 818, 823, 44 N.Y.S.3d 452, 460 (2d Dep't 2016), even after "affording the amended complaint a liberal construction, accepting the facts alleged therein to be true, and granting the plaintiff the benefit of every possible favorable inference," the court held that the complaint failed to plead the claim for breach of fiduciary duty "with the requisite particularity." Id.

13.    It is black letter law that a claim of fraudulent inducement requires a showing by clear and convincing evidence: "(1) that the [adverse party] made a representation, (2) as to a material fact, (3) which was false, and (4) and known to be false by the [adverse party], (5) that the representation was made for the purpose of inducing the other party to rely upon it, (6) that the other party rightfully did so rely, (7) in ignorance of its falsity (8) to his injury." Uni–Rty Corp. v Guangdong Bldg., Inc., 2012 WL 1901200, at *4 (S.D.N.Y. 2012)(quoting Computerized Radiological Servs. v. Syntex Corp., 786 F.2d 72, 76 (2nd Cir. 1986)).

14.    Although there is certainly no requirement of unassailable proof of fraud at the pleading stage, the complaint must allege the basic facts to establish the elements of the cause of action. See Eurycleia Partners, LP v. Seward & Kissel, LLP, 12 N.Y.3d 553 (2009); See also Genovese v. State Farm Mut. Auto. Ins. Co. (2 Dept. 2013) 106 A.D.3d 866, 867 (2d Dep't 2013) (affirming the lower court's dismissal of a cause of action sounding in fraud because the allegations of fraud against the remaining defendants either were bare and conclusory or do not rise to the level of fraud).

15.    Here, a cursory review of Plaintiff's complaint, along with their sole cause of action, demonstrates a complete failure to allege any claim of fraud with the specificity required by CPLR 3016(b) and the corresponding case law.

16.     In pertinent part, Plaintiff's complaint alleges against Defendant Kaikov as follows:

> 9.     Toward the end of the transaction, ARIHAY KAIKOV, embezzled or fraudulently stole funds in the amount of over $650,000.00 from 911 REALTY CORPORATION.

> 10.     When ARIHAY KAIKOV was confronted by the plaintiff in regards to the stolen funds, ARIHAY KAIKOV proceeded to file a fraudulent deed transfer of 905 Mother Gaston Boulevard, Brooklyn, New York 11212.

See Exhibit A.

17.     First, Plaintiff's complaint fails to plead facts sufficient to satisfy CPLR§ 3016(b) because Plaintiff's assertions of fraud are conclusory, merely stating that Defendant Kaikov "embezzled or fraudulently stole funds…" See Exhibit A; See <u>Genovese v. State Farm Mut. Auto. Ins. Co.</u>106 A.D.3d 866, 867 (2d Dep't 2013).

18.     Second, Plaintiff's complaint fails to plead facts sufficient to satisfy CPLR§ 3016(b) because Plaintiff fails to plead *any* facts connecting Defendant Kaikov with Defendant Mother Gaston 905 Corp. See Exhibit A. In fact, Plaintiff *never mentions* Defendant Mother Gaston 905 Corp. throughout the entire complaint other than stating that they are allegedly "incorporated in the county of Nassau, State of New York and is doing business in the County of Kings." See ¶3 of Exhibit A.

19.     Consequently, Plaintiffs' bare, conclusory allegations of fraud encompassed within their first and only cause of action must be dismissed.

## B. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS AGAINST DEFENDANT MOTHER GASTON 905 CORP.

20.     Here, Plaintiff's first cause of action must be dismissed as against Defendant Mother because Plaintiff fails to state *any* cause of action. See Exhibit A. In fact, the only mention of Defendant Mother throughout the entire complaint is that they are allegedly "incorporated in the county of Nassau, State of New York and is doing business in the County of Kings." See ¶3 of Exhibit A. Moreover, Plaintiff's first cause of action must be dismissed as against Defendant Mother because Plaintiff fails to plead *any* facts sufficient to satisfy CPLR § 3016(b).

21.     Therefore, Plaintiff's first cause of action must be dismissed as against Defendant Mother.

## C. PLAINTIFF'S MOTION TO ADMIT ATTORNEY TEMKIN PRO HAC VICE SHOULD BE DENIED.

22.     Under New York law, a trial court has the discretion whether to allow a motion for admission *pro hac vice*, and the decision depends on when the motion was made and the impact on judicial efficiency. See Giannotti v. Mercedes Benz U.S.A., LLC, 20 A.D.3d 389, 798 N.Y.S.2d 141 (2d Dep't 2005) See also Neal v. Ecolab Inc., 252 A.D.2d 716, 675 N.Y.S.2d 433 (3d Dep't 1998).

23.     Here, Plaintiff's motion should be denied as failing to serve judicial economy and as a transparent attempt to drive up legal costs for this matter. First, Plaintiff's motion is being made nearly one year after the commencement of this action. See Exhibit A. Second, Plaintiff's motion should be denied because the moving attorney, Maria Temkin, is located in Philadelphia. See Plaintiff's motion in chief. As such, Defendants will be prejudiced through the admission of Ms. Temkin because Plaintiff will attempt to delay and prolong court proceedings in order for Ms.

Temkin to accordingly plan to attend proceedings. Third, Plaintiff's motion should be denied because the instant action, as evident by the bare bones complaint, is not complex and does not involve novel issues. Confusingly, Plaintiff is treating the within action as a federal matter. Simply put, Plaintiff's motion is nothing more than a delay tactic to drive up legal fees for Defendants. If Plaintiff's motion is granted for an out of state attorney, Plaintiff will undoubtedly seek more legal fees in this proceeding.

24.     In sum, this Court should deny Plaintiff's motion as the admission of attorney Temkin would not serve judicial economy and would further delay these proceedings.

25.     No prior request for the relief herein has been made of any court.

### IV. CONCLUSION

26.      For the foregoing reasons, Defendants' cross motion should be granted and Plaintiff's motion denied.

**WHEREFORE**, the undersigned respectfully requests

1)  Pursuant to CPLR §3211(a)(7) dismissing the instant complaint as against Defendant Arihay Kaikov (a/k/a Arkady Kaikov);

2)  Pursuant to CPLR 3211(a)(7) dismissing the instant complaint as against Defendant Mother Gaston 905 Corp;

3)  Denying Plaintiff's motion for admission *pro hac vice* for Maria Temkin.


Dated: June 21, 2019                              Yours, etc.
Kew Gardens, NY

                                    **ANDERSON, BOWMAN AND ZALEWSKI PLLC**

                                    Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP
                                    By: Matthew J. Routh, Esq.

## **ATTORNEY CERTIFICATION**

       I, Matthew J. Routh, Esq., hereby certify, under penalty of perjury, and as an officer of the court, that to the best of my knowledge, information and belief, formed after an inquiry reasonably under the circumstances, the presentation of the papers or the contentions herein are not frivolous as defined in 22 NYCRR Section 130-1.1(c).


Dated:         June 24, 2019
                 Kew Gardens, New York



                 Matthew J. Routh, Esq.



Exhibit A

2163/2018 Summons & Verified Compl.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------x
905 MOTHER GASTON LLC,

                         Plaintiff,

          -against-

ARIHAY KAIKOV (A/K/A ARKADY KAIKOV),
AND MOTHER GASTON 905 CORP,

                     Defendants.

--------------------------------------------------------------x

**_SUMMONS_**

Index No. 2163/18
Date Filed: _____

The basis of venue is the location of
real property which is the subject of
action located at:
905 Mother Gaston Blvd
Brooklyn, New York 11212

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONDED** to answer the verified complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

    In case of your failure to answer this summons, a judgment by default will be taken against you for relief demanded in the complaint, together with the costs of this action.

Dated: Brooklyn, New York
      August 10, 2018

                        CHERNY & PODOLSKY
                        Attorneys for Plaintiff
                        1723 East 12th Street, 4th Floor
                        Brooklyn, NY 11229
                        (718) 449-5100

KINGS COUNTY CLERK
FILED
2018 AUG 28 AM 10: 42

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------x
905 MOTHER GASTON LLC,

                       Plaintiff,

      -against-

ARIHAY KAIKOV (A/K/A ARKADY KAIKOV),
AND MOTHER GASTON 905 CORP,

                 Defendants.
-------------------------------------------------x

**VERIFIED COMPLAINT**

Index No.

The Plaintiffs, by their attorneys, Cherny & Podolsky PLLC, as and for her complaint, respectfully allege, upon information and belief as follows:

### AS AND FOR THE FIRST CAUSE OF ACTION

1.    The Plaintiff, 905 MOTHER GASTON, LLC, is incorporated in a State of New York and doing business in County of Kings.

2.    The Defendant, ARIHAY KAIKOV (A/K/A/ ARKADY KAIKOV) is a resident of the County of Suffolk and the State of New York.

3.    The Defendant MOTHER GASTON 905, CORP is incorporated in the county of Nassau, State of New York and is doing business in the County of Kings

4.    On December 9, 2016, the deed to the property located at 905 Mother Gaston Boulevard, Brooklyn, New York 11212 was transferred to 911 REALTY CORPORATION from ROYAL A&K REALTY GROUP INC., for consideration in the amount of $50,000.00.

5.    ROYAL A&K REALTY GROUP INC is owned by the defendant ARIHAY KAIKOV.

6.    The deed was acquired for the purpose of (1) obtaining a short sale, (2) renovating the property, and (3) re-selling the property for a premium.

7.    ARKADY KAIKOV, though not a shareholder of 911 REALTY CORPORATION, agreed to stay on as a project manager for compensation in the amount of $50,000.00, due at the completion of the project.

8.    Simultaneously, there was another real estate transaction at a different property located at 406 East 94th Street, Brooklyn, New York 11212, where the plaintiff, KHANAN KAIKOV, was the primary investor, and ARIHAY KAIKOV was the project manager.

9.    Toward the end of the transaction, ARIHAY KAIKOV, embezzled or fraudulently stole funds in the amount of over $650,000.00 from 911 REALTY CORPORATION.

10.    When ARIHAY KAIKOV was confronted by the plaintiff in regards to the stolen funds, ARIHAY KAIKOV proceeded to file a fraudulent deed transfer of 905 Mother Gaston Boulevard, Brooklyn, New York 11212.

11.    905 MOTHER GASTON LLC, is the sole fee owner of the property located at 905 Mother Gaston Blvd.

12.    Furthermore, 911 REALTY CORPORATION, is solely owned by its only shareholder KHANAN KHAIKOV.

2163/2018 Summons & Verified Compl.

Page 4 of 8

**WHEREFORE,** the Plaintiff demands a judgment

1.) Entering a judgment holding the plaintiff as a sole fee owner of the property located at 905 Mother Gaston Blvd, Brooklyn, Ny Block3868 lot 16

2.) entering a judgment agaist Defendant Arihay Kaikov for a sum not less than $650,000.00

3.) the costs and disbursements of this action, together with such other and further relief as to this Court may deem just and proper.

Dated: Brooklyn, New York
August 10, 2018

CHERRY & PODOLSKY
Attorneys for Plaintiff
1723 East 12th Street, 4th Floor
Brooklyn, NY 11229
(718) 449-5100

TO:

**ARIHAY KAIKOV**
**204 Centre Island**
**Oyster Bay, NY 11771**

**Mother Gaston 905 Corp**
**C/O Secretary of State**

Printed: 9/5/2018

2163/2018 Summons & Verified Compl.

## STATE OF NEW YORK COUNTY OF KINGS ss.:
## VERIFICATION

**I,** 905 Mother Gaston LLC, being duly sworn deposes and says that: I am the Plaintiff in the within action; I have read the foregoing and I know the contents thereof: the contents of the foregoing are is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

KHANAN KAIKOV

Sworn to before me on the 20th day of August, 2018

**Notary Public**

Sandy B. Cruz
Commissioner of Deeds
City of New York; No. 4-6750
Cert. Filed in Kings County
Commission Expires Dec. 1, 20 19

2163/2018 Summons & Verified Compl.

Page 6 of 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------
905 MOTHER GASTON LLC,

Plaintiff,

Index No.:

-against-

ARIHAY KAIKOV (A/K/A/ ARKADY KAIKOV),
AND MOTHER GASTON 905 CORP,
Defendants.
-----------------------------------------------------------------------

SUMMONS, VERIFIED COMPLAINT AND NOTICE OF PENDENCY

**CHERNY & PODOLSKY, PLLC**
**1723 East 12th Street, 4th Floor**
**Brooklyn, New York 11229**
**(718) 449-5100**

Printed: 9/5/2018

2163/2018 Notice of Pendency



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------x
905 MOTHER GASTON LLC,

                                    -Plaintiff-

            -against-

ARIHAY KAIKOV (A/K/A/ ARKADY KAIKOV),
And MOTHER GASTON 905 CORP,

                        Defendants.
-----------------------------------------------------------x

**NOTICE OF PENDENCY**

Index No.  2163/18

Date Filed: _____

      NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in this Court upon the complaint of the above-named plaintiff, 905 MOTHER GASTON, LLC, against the above-named defendants, ARIHAI KAIKOV (A/K/A ARKADY KAIKOV) and MOTHER GASTON 905 CORP, for a judgment (1) finding 905 MOTHER GASTON LLC a sole and rightful fee owner of the property located at 905 Mother Gaston Boulevard, Brooklyn, NY; (2) impressing a lien as of the date of the commencement of this action upon said premises to assure the performance of the acts and things directed or required by the Court to be done by the defendants; and that the real property affected thereby is real property, which, at the commencement of this action, and at the time of filing of this notice is situated in the City of Brooklyn, County of Kings, State of New York, and is more particularly described in a deed from The City of New York, to 905 MOTHER GASTON LLC, dated July 19th, 2018, recorded in the Kings County Clerk's Office, on August 08, 2018, as follows:

      BLOCK:     3868         CRFN: 2018000265253

      LOT:       16

      The real property affected by this action which is the subject of the above mentioned deed, is more particularly described as follows:

SCHEDULE "A" IS ATTACHED

TO THE CLERK OF THE COUNTY OF KINGS:

You are hereby directed to index and file this Notice of Pendency against the block and lot numbers described, and against the designated names appearing below:

ARIHAY KAIKOV (A/K/A/ ARKADY KAIKOV AND MOTHER GASTON 905 CORP.

Dated: Brooklyn, New York
        August 27, 2018



CHERNY & PODOLSKY
Attorneys for Plaintiff
1723 East 12th Street, 4th Floor
Brooklyn, NY 11229
(718) 449-5100

TO:    Arihay Kaikov
       204 Centre Island Road
       Oyster Bay, NY 11771

       Mother Gaston 905 Corp
       C/O Secretary of State

FILED
AUG 28 2018

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Mother Gaston Blvd. (formerly Stone Avenue), distant 210 feet southerly from the southeasterly corner of Mother Gaston Blvd and Hegeman Avenue;

RUNNING THENCE easterly parallel with Hegeman Avenue, 100 feet;

THENCE southerly parallel with Mother Gaston Blvd, 25 feet;

THENCE westerly and again parallel parallel with Hegeman Avenue and part of the distance through a party wall, 100 feet to the easterly side of Mother Gaston Blvd;

THENCE northerly along the easterly side of Mother Gaston Blvd., 25 feet to the point or place of BEGINNING.

Said Premises being known as 905 Mother Gaston Boulevard, Brooklyn, New York 11212.

Block: 3868                    Lot: 16



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X Index No: 2163/2018
905 MOTHER GASTON LLC,
                              Plaintiff(s),

          -against-                                    **VERIFIED ANSWER**

ARIHAY KAIKOV (A/K/A ARKADY KAIKOV)
And MOTHER GASTON 905 CORP.

                              Defendant(s).
-------------------------------------------------------------X

        The Defendants, ARIHAY KAIKOV and MOTHER GASTON 905 CORP. by and

through their attorney, **ANDERSON BOWMAN & ZALESKI PLLC,** as and for their Verified

Answer to the Complaint as follows:

        1.    Denies each and every allegation referred to in paragraphs "2", "4", "5", "7", "8",

"9", "10" and "12".

        2.    Denies sufficient information to form a belief as to the allegations contained in

paragraphs "1", "3" and "11".


              ### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

        3.    Plaintiffs' complaint fails to state a cause of action as against Defendants.


              ### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

        4.    Plaintiff has no standing to bring this action.

              ### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

        5.    The Complaint is barred by the doctrine of estoppel.


                              -1-

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims for fraud are not sufficiently specific and must be dismissed

pursuant to CPLR 3016.

**WHEREFORE**, Defendants pray for an order dismissing Plaintiffs' complaint for such

other and further relief as this Court deems just and proper.

Dated: September 7, 2018
        Kew Gardens, New York

                            Yours, etc.

                            **Anderson Bowman & Zalewski PLLC**

                            **By: Dustin Bowman, Esq.**
                            Attorney for the Plaintiff
                            125-10 Queens Boulevard, Suite 218
                            Kew Gardens, New York 11415
                            Tel: 718-263-6800

**VERIFICATION**

STATE OF NEW YORK }
                  } SS:.
COUNTY OF QUEENS  }


     Arihay Kaikov, I am a Defendant; I have read the foregoing Verified Answer and know the contents thereof; the same is true to my own knowledge, except as to those matters I believe it to be true.

By: Arihay Kaikov


Sworn to before me this
7th day of September 2018

Notary Public

ANDREAS E. CHRISTOU
Notary Public - State of New York
No. 01CH6358331
Qualified in Schenectady County
My Comm. Expires May 8, 2021

-4-

**ATTORNEY CERTIFICATION**

     I, **DUSTIN BOWMAN,** hereby certify, under penalty of perjury, and as an officer of the court, that to the best of my knowledge, information and belief, formed after an inquiry reasonably under the circumstances, the presentation of the papers or the contentions herein are not frivolous as defined in 22 NYCRR Section 130-1.1(c).

Dated: Kew Gardens, New York
          September 7, 2018

                                                    DUSTIN BOWMAN, ESQ.

## <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK   }
                } SS:
COUNTY OF QUEENS    }


       I, Chelsi Persaud, being sworn, say:

       I am not a party to the action, am over 18 years of age and reside in Queens, New York.

       On **September 7, 2018**, I mailed within **VERIFIED ANSWER**, delivering a true copy thereof enclosed in a post-paid wrapper, under the exclusive care and custody of United States Postal Service within New York State, addressed to the following person at the last known address set forth after each name by first class mail:

Cherny & Podolsky
1723 East 12th Street, 4th Floor
Brooklyn, NY 11229


_Chelsi Persaud_
Chelsi Persaud


Sworn to before me this
7th day of September 2018

_[signature]_
NOTARY PUBLIC

ANDREAS E. CHRISTOU
Notary Public - State of New York
No. 01CH6356331
Qualified in Schenectady County
My Comm. Expires May 8, 2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

INDEX NO. 2163/2018

905 MOTHER GASTON LLC,

                    Plaintiff(s),

    -against-

ARIHAY KAIKOV (A/K/A ARKADY KAIKOV)
And MOTHER GASTON 905 CORP.

                    Defendants.

**NOTICE OF CROSS MOTION**

**ANDERSON, BOWMAN & ZALEWSKI PLLC**
**BY: Matthew J. Routh, Esq.**
**Attorney(s) for Defendants**
Office and Post Office Address, Telephone
**80-02 KEW GARDENS ROAD, SUITE 600**
Kew Gardens, New York 11415
**(718) 263-6800**
**Fax (718) 520-9401**

TO

Service of a copy of the within
is hereby admitted.

**Attorney(s) for**

Dated:………………………………….....

**PLEASE TAKE NOTICE:**

/_____/   NOTICE OF ENTRY

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

/_____/   NOTICE OF SETTLEMENT
that an order                                   of which the within is a true copy
will be presented for settlement to the HON.           one of the judges of the
within named Court, at
                2019    at      M.
                         Dated,
                                Yours, etc.
                                **ANDERSON, BOWMAN & ZALEWSKI PLLC**