UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHALAMO KAIKOV,                                                                        19-cv-2521-JBW-RER
                                Plaintiff,

    -against-

ARIHAY KAIKOV, et.al

                                Defendants,
-------------------------------------------------------------------X

### DECLARATION OF ARIEL KAIKOV IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND FURTHER SUPPORT OF MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

I, Ariel Kaikov, do state as follows:

1.     I am son of the Plaintiff in the above referenced action.

2.     I reviewed and am familiar with the First Amended Complaint (the "FAC") filed in this case.  I am making this Declaration to state facts that I personally know in support of Chalamo Kaikov's Motion for Temporary Restraining Order and Injunctive Relief.

3.     As stated in the FAC, once my father and Defendant Arihay Kaikov ("Arihay") agreed to open a joint corporation 911 Realty, Inc. ("911 Realty"), my brother, Khanan Kaikov became its president and on my dad's behalf was handling the corporation's day-to-day operations, its bank account, was handling any expenses that related to the Investment Properties, and kept accounting of my dad's investments. I was helping my brother in day-to-day operations.

4.     One of the Investment Properties, which was managed by 911 Realty, is 905 Mother Gaston Boulevard, Brooklyn, New York 11212 ("905 Mother Gaston").

5.     The property has 4 tenants.

6. From the end of 2016, Khanan and I were responsible to manage the building, operating expenses, and relationship with tenants for 911 Realty.

7. As stated in the FAC, although Arihay initially transferred the deed to 905 Mother Gaston to jointly owned 911 Realty, in July 2018 he fraudulently transferred the deed to another entity Mother Gaston 905 Corp. opened and owned by him, without authorization or authority to do so.

8. The title of the property was subject to the litigation before the state court. *See* Declaration of Maria Temkin filed in support of Plaintiff's Motion for Preliminary Injunctive Relief., Docket No. 38-3, Exs. 11-13. Arihay is seeking to dismiss the state court complaint, because, *inter alia*, the 905 Mother Gaston property is subject to the dispute before this Court.

9. Until now, Khanan and I continued to be responsible for operation of the building and accounting of expenses and profits.

10. On Friday, January 3, 2020, I received a call from a tenant, who informed me that Arihay appeared at the property and is attempting to make all tenants sign away their existing leases to his company.

11. One of the tenants forwarded me a copy of his email, which is attached as Exhibit 1 hereto. As stated in the email, Arihay is trying to convince the tenants that "[his] company Mother Gaston 905 Corp is the true owner of the property and a true Landlord."

12. I also received a series of text messages from a tenant. A copy of the screenshot of the text messages is attached as Exhibit 2 hereto. As stated in the messages, Arihay is directing tenants "not to call or speak" with me; telling them lies that I am in jail; and was "threatening" the tenant who felt "very scared."

13. Needless to say, these actions are scaring tenants and interfering with

management of the building.

14. I believe that Arihay's actions are in response to Plaintiff filing the motion for preliminary injunction and is another attempt to intimidate my father from seeking return of his investments as well as divert any funds from the properties in order not to repay the investments.

. I certify that the foregoing statements made by me a true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to penalty of perjury under 28 U.S.C. § 1746.

Dated: 01-07-2020              /s/ _____
                                    Ariel Kaikov