

**MARIA TEMKIN, ESQ.**
LICENSED IN PENNSYLVANIA AND NEW JERSEY

**TEMKIN & ASSOCIATES, LLC**
1700 MARKET STREET, SUITE 1005, PHILADELPHIA, PA 19103
PHONE 215-939-4181 | FAX 215-914-6975
MARIA@TEMKINLEGAL.COM | WWW.TEMKINLEGAL.COM

August 18, 2020

<u>Via ECF Filing</u>
The Honorable Ramon E. Reyes, Jr.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:** *Kaikov v. Kaikov, et. al.*, Case No. 19-cv-2521- JWB-RER
Opposition to Defendants' Motion to Quash Subpoenas (Docket No. 63)

Dear Judge Reyes:

This firm represents Plaintiff Chalamo Kaikov ("**Plaintiff**" or "**Chalamo**") in the above-referenced matter who has brought claims, *inter alia*, for violation of federal RICO, 18 U.S.C. § 1961 *et seq.*; fraud, conversion, and unjust enrichment stemming from an ongoing fraudulent scheme masterminded and operated by his cousin Arihay Kaikov ("**Arihay**") and the companies he owned and controlled[1] (collectively, the "**Kaikov Defendants**"), aimed at luring Plaintiff to invest into a purported joint real estate venture.

In reliance on Arihay's fraudulent representations, Chalamo gave Arihay over $775,000 to purchase, renovate, and re-sell 10 properties in New York City (the "**Investment Properties**"). Arihay was supposed to invest the equal amount and then equally share the profits from resale of the properties with Chalamo. Yet, in breach of his promises to Chalamo, Arihay transferred ownership of most properties to his companies rather than to 911 Realty Corp. ("**911 Realty**"), an entity set up by the joint venture, converted profits from the sale of a number of "jointly owned" properties, inflated expenses, never paid his share, and engaged in other fraudulent conduct.

    **I.**    **The Issued Subpoenas**
        **a.**  **Subpoenas to the Banks Are Narrowly Tailored To Elicit Discoverable Relevant Evidence**

Plaintiff issued four subpoenas, subject to the instant dispute. Three subpoenas were

---

[1] Defendants Pacific 2340 Corp., Royal A&K Realty Group Inc., A&E.R.E. Management Corp., NY Prime Holding LLC, AG Realty Bronx Corp., as well as other unknown corporate entities.

THE HONORABLE RAMON E. REYES, JR.
PAGE 2
AUGUST 18, 2020

directed to the banks (Chase, TD Bank, and CitiBank),[2] where Plaintiff believes Defendants <u>directly or through third parties</u> maintain accounts related to the Investment Properties, seeking relevant information that would evidence Arihay's purported share of expenses related to the Investment Properties, any profits he realized from sale of the properties; and evidence of Plaintiff's investment, which Defendants seem to contest. The sought information would also show any fraudulent activity to the extent that Defendants tried to conceal profits from the Investment Properties and also fraudulent activity related to defrauding other investors, which would show a pattern relevant instantly.

For example, although Defendants claim that Plaintiff's discovery request of bank accounts for 567 Jerome, Inc. is irrelevant, Plaintiff recently found out that as the lawsuit was pending, Arihay caused to sell one of the Investment Properties, located at 567 Jerome Street, Brooklyn, which was subject of this lawsuit. The proceeds from the sale are believed to have been concealed by Defendants using 567 Jerome, Inc. – a corporation owned by Arihay. Similarly, Plaintiff believes that Arihay used his other corporations, such as EVBD, LLC as well as others, unknown to Plaintiff, to conceal profits and monies received from Plaintiff and other investors. This information is plainly relevant to the Plaintiffs' claims instantly and Defendants' motion, to the extent that is still may be relevant as to subpoena issued to TD Bank, should be denied.

### b. Subpoena to the Accountant Is Narrowly Tailored To Elicit Discoverable Relevant Evidence and Should Be Compelled

Plaintiff has not received any response to its subpoena from Defendants' accountant YG CPA, Inc. who was served in person but has not responded to Plaintiff's follow up calls, perhaps at the request of the Defendants. Plaintiff is seeking this Court to deny Defendants' motion to quash and to compel the accountant to produce records sought in the subpoena.

Plaintiff has sought the production of documents concerning Defendant's finances, including tax returns for Defendants, as well as documents regarding corporate ownership and governance of Defendants. Such documents are, yet again, relevant to show expenses and profits as to the Investment Properties as well as web of numerous corporations opened by Arihay to conceal ownership of the properties and received profits.

---

[2] Responses to the four issued subpoenas were due in July and Defendants had received notice of the subpoenas as required by Rule 45 prior to the subpoenas being served. Thus, their objections to all subpoenas are now untimely. Moreover, responses to Chase and CitiBank subpoenas had been received prior to Defendant's instant motion and this motion is thus moot to that extent. Regardless, the Court should deny Defendants' motion as to the remaining responses from TD bank and compel Defendants' accountant YJ CPA to provide documents for the reasons set forth below.


WWW.TEMKINLEGAL.COM

Further, contrary to Defendants, it is "well-settled that tax returns in the possession of the tax payer are not immune to civil discovery." *Sabatelli v. Allied Interstate, Inc.*, No. 05-CV-3205, 2006 U.S. Dist. LEXIS 65355, 2006 WL 2620385, at *1 (E.D.N.Y. Sept. 13, 2006) (internal quotation omitted). Courts compel disclosure of a party's tax returns when "1) the returns [are] relevant to the subject matter of the action and (2) there [is] a compelling need for the returns because the information is not otherwise readily obtainable.'" *Garcia v. Benjamin Grp. Enters., Inc.*, No. 09-CV-2671, 2010 U.S. Dist. LEXIS 50499, 2010 WL 2076093, at *1 (E.D.N.Y. May 21, 2010) (internal quotations omitted). Here, tax returns for Defendants have unique information regarding the Investment Properties, profits, expenses, loans, and other financial information that is relevant to the instant dispute. Any concerns regarding confidentiality are covered by the Protective Order entered by the Court. *See* Docket No. 59.

Thus, the Court should issue an order compelling YG CPA, Inc. to provide documents responsive to the subpoena.

## II. Subpoena to CitiBank As It Relates to Khrystina Ovcharenko, Defendant Arihay Kaikov's Wife, Seeks Relevant Information

Defendants seek portions of the subpoena issued to CitiBank quashed to the extent that it seeks information related to the accounts of Ms. Khrystina Ovcharenko. Defendants cry crocodile tears that Plaintiff does not provide a "shred of evidence" why these records would be relevant. Defendants, however, very well know, but fail to disclose to the Court, that Ms. Ovcharenko is a wife of Defendant Arihay Kaikov and he has used her accounts in CitiBank to receive wires from Plaintiff with funds he then purportedly invested in the joint properties. Since Defendants deny receiving the funds from Plaintiff and to the extent that Arihay used his wife's accounts to transact and conceal monies related to his business activities, such requests were plainly relevant. In any event, Plaintiff just wanted to clarify the record, because that potion of the motion is now moot.

## III. Clarification Regarding The Court's August 3, 2020 Discovery Order

Finally, Plaintiff seeks clarification on the Court's August 3, 2020 Order granting Defendants' Motion for Extension of Time to Complete Discovery until August 31, 2020 and setting a Telephone Final Pretrial Conference. To date, the parties have only been allowed to engage in documents discovery and the prior deadline related to documents discovery only. Plaintiff respectfully requests that at this time the Court allow parties to proceed with depositions and set another reasonable discovery deadline, including deadlines regarding expert discovery. Plaintiff believes that 90 days should be sufficient to complete the depositions.

We thank the Court for consideration of this matter.

Respectfully submitted,



THE HONORABLE RAMON E. REYES, JR.
PAGE 4
AUGUST 18, 2020

                */s/ Maria Temkin*
                Maria Temkin, Esq.
            For: TEMKIN & ASSOCIATES, LLC

MT
Cc: All counsel of record (via ECF System)

