

**MARIA TEMKIN, ESQ.**
LICENSED IN PENNSYLVANIA AND NEW JERSEY

**TEMKIN & ASSOCIATES, LLC**
1700 MARKET STREET, SUITE 1005, PHILADELPHIA, PA 19103
PHONE 215-939-4181 | FAX 215-914-6975
MARIA@TEMKINLEGAL.COM | WWW.TEMKINLEGAL.COM

September 17, 2020

<u>*Via ECF Filing*</u>
The Honorable LaShann DeArcy Hall
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:**   ***Kaikov v. Kaikov, et. al.*, Case No. 19-cv-2521- JWB-RER**
    **Opposition to Defendants' Rule 72(a) Objections (Docket No. 67)**

Dear Judge DeArcy Hall:

Plaintiff Chalamo Kaikov ("**Plaintiff**" or "**Chalamo**") hereby submits its Opposition to Defendants' Objections to the Magistrate Reyes August 19, 2020 Order Denying Defendants' Motion to Quash subpoena directed to Defendants' accountant YJ CPA Business Services, Inc. Plaintiff respectfully submits that the Objections should be overruled because (I) the Objections are waived since they were filed one day late - outside of the 14-day period prescribed by Rule 72(a) and (II) Judge Reyes' August 19 Order finding that the Defendants' financial and company records sought in the subpoena were relevant did not constitute a clear error.

## I.    Defendants' Objections Are Waived As Untimely

As a preliminary matter, pursuant to Fed.R.Civ.P. 72(a), Defendants were required to file Objections to the August 19, 2020 Order within fourteen (14) days from the date of service, i.e. on September 2, 2020.  Defendants filed their objections on September 3, one day late. As to non-dispositive motions, "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." *Id*.  Therefore, by failing to object timely to the Order, Defendants waived any further judicial review of the magistrate's decision and the objections should be denied just for that reason.  *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002)

## II.   Judge Reyes Properly Denied Defendants' Motion to Quash the Subpoena Directing Accountant to Produce Relevant Records

When an "[o]bjection is directed to . . . discovery disputes, it must be overruled unless the ruling of the [m]agistrate [j]udge was 'clearly erroneous or contrary to law.'" Fed. R. Civ. P. 72(a)). Clear error is present when, "upon review of the entire record, [the court is] left with the

definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

As the Court is aware, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1). Contrary to Defendants, records sought from their accountant are relevant and proportionate for the reasons set forth in Plaintiff's Opposition to their Motion to Quash (Docket No. 64),[1] which Judge Reyes incorporated in his Order.

### A. Factual Allegations in the First Amended Complaint

Plaintiff brought claims, *inter alia*, for violation of federal RICO, 18 U.S.C. § 1961 *et seq.*; fraud, conversion, and unjust enrichment stemming from an ongoing fraudulent scheme masterminded and operated by his cousin Arihay Kaikov ("**Arihay**") and the companies he owned and controlled[2] (collectively, the "**Kaikov Defendants**"), aimed at luring Plaintiff to invest into a purported joint real estate venture.

In reliance on Arihay's fraudulent representations, Chalamo gave Arihay over $775,000 to purchase, renovate, and re-sell 10 properties in New York City (the "**Investment Properties**"). Arihay was supposed to invest the equal amount and then equally share the profits from resale of the properties with Chalamo. Yet, in breach of his promises to Chalamo, Arihay transferred ownership of most properties to his companies (some still unknown to Plaintiff) rather than to 911 Realty Corp. ("**911 Realty**"), an entity set up by the joint venture, converted profits from the sale of a number of "jointly owned" properties, inflated expenses, never paid his share, and engaged in other fraudulent conduct.

### B. Records Sought in the Subpoena to the Accountant

As relevant to Plaintiff's claims, Plaintiff has sought the production of documents concerning:

- Corporate ownership and governance of Defendants and other companies where Arihay is a shareholder, which may have been used by Arihay to conceal monies and profits from Plaintiff's investment and used to defraud other investors (Request No. 1);

- Financial statements prepared by accountant as to Defendants, Arihay's companies, and Investment Properties, which would show reports detailing

---

[1] Plaintiff incorporates the arguments raised in the Opposition instantly.

[2] Defendants Pacific 2340 Corp., Royal A&K Realty Group Inc., A&E.R.E. Management Corp., NY Prime Holding LLC, AG Realty Bronx Corp., as well as other unknown corporate entities.



The Honorable  LaShann DeArcy Hall
Page 3
September 17, 2020

> revenue, profits, accounts receivable or expenses reports which would be relevant to Defendant's claims of  (Requests Nos. 4, 5, 6, and 8);
> 
> - Records of transfer of real of personal property from Arihay Kaikov or entities (Request No. 7); and
> 
> - Tax returns for Arihay Kaikov, Corporate Defendants, and three other corporations to which Plaintiff knows Arihay had transferred some of the Investment Properties in order to conceal profits and divert ownership from Plaintiff (Requests Nos. 2 and 3).

*See* Subpoena, Docket No. 67-2.

### C. Defendants Arguments Have No Merit

Defendants do not argue that their financial records are irrelevant to the instant claims. Their argument seems to concentrate on objection to production of information concerning entities where Arihay is a shareholder, but which have not been named as Defendants and the tax returns. Defendants are wrong.

First, as set forth in Plaintiff's Opposition (Docket No. 64), Arihay used other entities and third persons' accounts to transact and conceal monies related to his business activities. In addition, Plaintiff alleges and has information that Arihay similarly defrauded other investors. For example, although Defendants claim that Plaintiff's discovery of a non-party 567 Jerome, Inc. is irrelevant, Plaintiff recently found out that as the lawsuit was pending, Arihay caused to sell one of the Investment Properties, located at 567 Jerome Street, Brooklyn, which was  subject of this lawsuit. The proceeds from the sale are believed to have been concealed by Defendants using 567 Jerome, Inc. – a corporation owned by Arihay.  Similarly, Plaintiff believes that Arihay used his other corporations, such as EVBD, LLC as well as others, unknown to Plaintiff, to conceal profits and monies received from Plaintiff and other investors.  As such, information about other entities where Arihay is a shareholder is relevant to Plaintiff's RICO and fraud claims.

Second, to the extent that Defendants' financial statements are unavailable, tax returns of Arihay and the Corporate Defendants would uniquely evidence Arihay's purported share of expenses related to the Investment Properties, any profits he realized from sale of the properties; and evidence of Plaintiff's investment, which Defendants seem to contest.  As such, Judge Reyes ruling that the records are relevant was not clearly erroneous.

For the foregoing reasons and as set forth in Plaintiff's Objections to Defendants' Motion to Quash, the Court should overrule the Objections and affirm Judge Reyes August 19, 2019 Order.

Respectfully submitted,



THE HONORABLE LASHANN DEARCY HALL
PAGE 4
SEPTEMBER 17, 2020

              */s/ Maria Temkin*
              Maria Temkin, Esq.
          For: TEMKIN & ASSOCIATES, LLC

MT
Cc: All counsel of record (via ECF System)

