

**MARIA TEMKIN, ESQ.**
LICENSED IN PENNSYLVANIA AND NEW JERSEY

**TEMKIN & ASSOCIATES, LLC**
1700 MARKET STREET, SUITE 1005, PHILADELPHIA, PA 19103
PHONE 215-939-4181 | FAX 215-914-6975
MARIA@TEMKINLEGAL.COM | WWW.TEMKINLEGAL.COM

September 22, 2020

<u>*Via ECF Filing*</u>
The Honorable Ramon E. Reyes, Jr.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:** *Kaikov v. Kaikov, et. al.*, Case No. 19-cv-2521- JWB-RER
    Opposition to Defendants' Motion to Quash Subpoena (Docket No. 68)

Dear Judge Reyes:

    This firm represents Plaintiff Chalamo Kaikov ("**Plaintiff**" or "**Chalamo**") in the above-referenced matter who has brought claims, *inter alia*, for violation of federal RICO, 18 U.S.C. § 1961 *et seq.*; fraud, conversion, and unjust enrichment stemming from an ongoing fraudulent scheme masterminded and operated by his cousin Arihay Kaikov ("**Arihay**") and the companies he owned and controlled[1] (collectively, the "**Kaikov Defendants**"), aimed at luring Plaintiff to invest into a purported joint real estate venture.

    On August 26, 2020, Plaintiff issued a subpoena directed to Rustam Yunusov c/o TNR Renovations, Inc. (Docket No. 68-1) seeking (1) invoices and payments related to renovations of the 10 properties and (2) communications between Defendant Arihay Kaikov and Rustam Yunusov related to the same 10 properties.

    As a background, Rustam Yunusov is Defendant Arihay Kaikov's contractor and, upon information and belief, sole owner and president of TNR Renovations. The properties for which the documents are sought are described in the complaint as the Investment Properties for which Plaintiff invested over $775,000. Arihay was supposed to invest the equal amount and then equally share the profits from resale of the properties with Plaintiff. Rustam Yunusov directly or through TNR Renovations was paid for work done on renovation of the properties, often in cash, but Plaintiff never saw any invoices or account of expenses for the alleged work. Neither were any invoices produced by the Defendants, albeit requested. The inflated expenses related to the "renovation" of the Investment Properties are just one part of the Defendant's alleged fraudulent scheme to defraud investors through which Arihay would divert monies to himself. TNR

---

[1] Defendants Pacific 2340 Corp., Royal A&K Realty Group Inc., A&E.R.E. Management Corp., NY Prime Holding LLC, AG Realty Bronx Corp., as well as other unknown corporate entities.

The Honorable Ramon E. Reyes, Jr.
Page 2
September 22, 2020

Renovations, as the only known contractor working on renovating the properties, should have the original invoices and receipts accounting for the expenses – relevant documents that the subpoena seeks.

Defendants' first contention that the subpoena to TNR Renovations is facially deficient because on its face it is addressed to "Rustam Yunusov, c/o TNR Renovations" is meritless. The Rider clearly states that documents are sought from TNR Renovations. Furthermore, Rustam Yunusov and TNR Renovations are one and the same and Rustam Yunusov, as President, sole owner and person who is responsible for issuing invoices clearly has "possession, custody, and control" of all the requested documents. *E.g., Thermo Credit, LLC v. ICOE, Inc.*, Civil Action No. 8-mc-146, 2008 U.S. Dist. LEXIS 56796, at *3-4 n.1 (W.D. Pa. July 25, 2008) (the names on the subpoena do not provide grounds for quashing subpoena).

Defendant's second contention that the information regarding the properties is duplicative of the information requested from Arihay Kaikov is equally unavailing as to date Arihay did not produce any documents responsive to Plaintiff's request. *See* relevant excerpt from Arihay Kaikov's Responses, attached as Exhibit 1 hereto. (Response to Request No 10 seeking relevant invoices: "Answering Defendant is currently in the process of searching for documents responsive to this demand and reserves the right to supplement this response if and when the information becomes available.").

For the above reasons, Defendants' motion to quash should be denied.

We thank the Court for consideration of this matter.

        Respectfully submitted,

        */s/ Maria Temkin*
        Maria Temkin, Esq.
For:   Temkin & Associates, LLC

MT
Cc:   All counsel of record (via ECF System)


WWW.TEMKINLEGAL.COM