

**MARIA TEMKIN, ESQ.**
LICENSED IN PENNSYLVANIA AND NEW JERSEY

**TEMKIN & ASSOCIATES, LLC**
1700 MARKET STREET, SUITE 1005, PHILADELPHIA, PA 19103
PHONE 215-939-4181 | FAX 215-914-6975
MARIA@TEMKINLEGAL.COM | WWW.TEMKINLEGAL.COM

January 21, 2021

<u>Via ECF Filing</u>
The Honorable Ramon E. Reyes, Jr.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:** *Kaikov v. Kaikov, et. al.*, Case No. 19-cv-2521- LDH-RER
**Opposition to Defendants' Motion to Compel Deposition of Non-Party Ariel Kaikov (Docket No. 80)**

Dear Judge Reyes:

This firm represents Plaintiff Chalamo Kaikov ("**Plaintiff**" or "**Chalamo**") who has brought claims, *inter alia*, for unjust enrichment stemming from an ongoing fraudulent scheme masterminded and operated by his cousin Arihay Kaikov ("**Arihay**") and the companies he owned and controlled[1] (collectively, the "**Kaikov Defendants**"), aimed at luring Plaintiff to invest into a purported joint real estate venture.

I am writing to object to Plaintiff's Motion to compel Mr. Ariel Kaikov ("**Ariel**"), who is not a party to this action, to appear for a deposition **<u>for a second time</u>**.

As a background, Ariel Kaikov is Plaintiff's son and not a party instantly. Sometime in November, 2020, Defendants attempted to serve a subpoena on Ariel at his brother's apartment at a New York address. Ariel, however, resides in Moscow, Russia, where he attends graduate school. Although Ariel, through the undersigned counsel, objected to service of the subpoena, he agreed to appear for a deposition by video voluntarily, since he is listed as a witness on Plaintiff's Rule 26(a) disclosures.

On December 30, 2020, the day of the scheduled deposition, as Ariel and the undersigned counsel appeared, Defendants' counsel of record was unprepared to proceed with questioning. Instead, Mr. Dustin Bowman, who used to be a party in this action and was not counsel of record, wanted to proceed with questioning. The undersigned counsel objected as it was unclear whether Mr. Bowman was even admitted to practice in the Eastern District of New York. After the

---

[1] Defendants Pacific 2340 Corp., Royal A&K Realty Group Inc., A&E.R.E. Management Corp., NY Prime Holding LLC, AG Realty Bronx Corp., as well as other unknown corporate entities.

THE HONORABLE RAMON E. REYES, JR.
PAGE 2
JANUARY 21, 2021

witness and the undersigned counsel patiently waited for approximately an hour and forty minutes for Defendants' counsel to resolve their issues, Defendants ended the deposition.

Defendants are now seeking to "compel Plaintiff" to produce Ariel for a deposition for a second time.

First, as a preliminary matter Defendants are incorrect that Plaintiff can agree or disagree to produce a third-party witness, even if the witness is his son.

Second, albeit the court has no jurisdiction over him, Ariel already appeared for a deposition voluntarily. Defendants were unprepared to proceed. Defendants should not be rewarded for their own negligence, unpreparedness, and failure to take appropriate steps to be adequately and formally represented, while expecting third-party witnesses to appear at their whim. In addition, Ariel has exams through first two weeks of February and having to appear for a deposition for a second time, with eight-hour time difference with Moscow, imposes undue hardship.

For the above reasons, Defendants' motion to compel should be denied.  In the event the Court compels the deposition, Ariel respectfully requests that the Court reduces the time allowed to depose Ariel by the time Defendants already spent during his first deposition. Further, Defendants should pay Ariel's reasonable attorneys fees for having to appear for a deposition for a second time. *See* Fed.R.Civ.P. 45(d)(1) ("[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.").

We thank the Court for consideration of this matter.

Respectfully submitted,

*/s/ Maria Temkin*
Maria Temkin, Esq.
For:   TEMKIN & ASSOCIATES, LLC

MT
Cc:   All counsel of record (via ECF System)

