

**MARIA TEMKIN, ESQ.**
LICENSED IN PENNSYLVANIA AND NEW JERSEY

**TEMKIN & ASSOCIATES, LLC**
1700 MARKET STREET, SUITE 1005, PHILADELPHIA, PA 19103
PHONE 215-939-4181 | FAX 215-914-6975
MARIA@TEMKINLEGAL.COM | WWW.TEMKINLEGAL.COM

April 12, 2021

<u>*Via ECF Filing*</u>
The Honorable Ramon E. Reyes, Jr.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:** *Kaikov v. Kaikov, et. al.*, Case No. 19-cv-2521- LDH-RER
**Opposition to Defendants' Motion to Compel Plaintiff Answer Specific Questions**

Dear Judge Reyes:

This firm represents Plaintiff Chalamo Kaikov ("**Plaintiff**" or "**Chalamo**") who has brought claims, *inter alia*, for unjust enrichment stemming from an ongoing fraudulent scheme masterminded and operated by his cousin Arihay Kaikov ("**Arihay**") and the companies he owned and controlled[1] (collectively, the "**Kaikov Defendants**"), aimed at luring Plaintiff to invest into a purported joint real estate venture.

I am writing to object to Plaintiff's Motion to Compel Plaintiff to answer questions that involve:

(1) information related to properties potentially owned in Moscow by Plaintiff's wife - who is not a party to this action, resides in Moscow and has no first hand knowledge of any facts related to this matter; and

(2) information related to rental charges Plaintiff collects from his commercial tenants in Moscow – which, as Plaintiff testified, he cannot disclose, one reason being that the leases with tenants have confidentiality provisions.

Despite Defendants' claims, the above information has zero relevance instantly and the questions were posed in bad faith to intimidate Plaintiff with the potential goal of eliciting information that would allow Defendant Arihay Kaikov to continue his tactics of threatening Plaintiff and Plaintiffs' family members with retaliatory actions; soliciting Russian police to go

---

[1] Defendants Pacific 2340 Corp., Royal A&K Realty Group Inc., A&E.R.E. Management Corp., NY Prime Holding LLC, AG Realty Bronx Corp., as well as other unknown corporate entities.

The Honorable Ramon E. Reyes, Jr.
Page 2
April 12, 2021

after Plaintiff, and filing frivolous lawsuits against Plaintiff's family members. *See* First Amended Complaint, ¶¶ 133-142.

As a background, during his deposition, Plaintiff, who resides in Russia and who was the only investor to the joint venture with Defendant in the United States, testified that he owns and rents out several pieces of commercial real estate in Moscow. He also testified that his business in Moscow is jointly owned with his wife and brother. Plaintiff refused to answer specifically how may "items of real estate" his brother or his wife own individually. Plaintiff further explained that the leases he signs with his commercial tenants have confidentiality provisions and therefore he cannot disclose how much rent he charges. *See* February 17, 2021 Transcript of Plaintiff's Deposition at 46-56, attached as Exhibit to Defendants' Motion.

Now, 6 weeks after Plaintiff's deposition, Defendants are seeking to compel Plaintiff to answer the above questions. Defendants' Motion should be denied for the following reasons:

First, Defendants' reference to Fed.R.Civ.P. 19 misses the mark. Defendants do not specify which parts of the Rule they think may be applicable instantly, because none of them are. It is absolutely irrelevant what properties Plaintiff's wife or his brother own in Moscow – they are not part of any agreements or dealings between Plaintiff and his cousin Arihay Kaikov in New York. Plaintiff alleges here that he invested his own money into joint venture with Arihay to jointly own, renovate, and sell properties in New York for profit. He alleges Arihay defrauded him, failed to register properties in the name of joint venture, and kept the money. Nothing in this set of facts suggests that "the court cannot accord complete relief among existing parties," as required by Fed.R.Civ.P. 19 (a)(1)(A) or that Plaintiff's "wife or brother" may claim "an interest relating to the subject of the action" to satisfy Fed.R.Civ.P. 19 (a)(1)(B). Simply put, Defendants without any factual explanations – of which there are none - are simply trying to muddy waters here coming up with unsubstantiated legal theories.

Second, as explained above, none of the sought information is "reasonably calculated" to lead to discovery of admissible evidence. Contrary to Defendants, the number of properties owned by wife or brother in Moscow or the exact amount of rent Plaintiff charges his tenants in Moscow is hardly information that shows to "what extent [Plaintiff] is a sophisticated party." Whether Plaintiff charges a ruble, a hundred rubles, or thousands of rubles in Moscow on his rental properties has no relation to the terms of his agreement with Defendant who solicited Plaintiffs' funds to jointly own and renovate properties in New York. Rather, Defendants have no legitimate need for this information other than to use it for improper purposes, such as continue his threats to Plaintiff and his family in Moscow, as forth in the Complaint.

For the above reasons, Defendants' motion should be denied.

We thank the Court for consideration of this matter.



THE HONORABLE RAMON E. REYES, JR.
PAGE 3
APRIL 12, 2021

                                                                                                Respectfully submitted,

                                                                                                */s/ Maria Temkin*
                                                                                                Maria Temkin, Esq.
                                             For:    TEMKIN & ASSOCIATES, LLC

MT
Cc:    All counsel of record (via ECF System)

