

**MARIA TEMKIN, ESQ.**
LICENSED IN PENNSYLVANIA AND NEW JERSEY

**TEMKIN & ASSOCIATES, LLC**
1700 MARKET STREET, SUITE 1005, PHILADELPHIA, PA 19103
PHONE 215-939-4181 | FAX 215-914-6975
MARIA@TEMKINLEGAL.COM | WWW.TEMKINLEGAL.COM

June 28, 2021

<u>Via ECF Filing</u>
The Honorable Ramon E. Reyes, Jr.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:** *Kaikov v. Kaikov, et. al.*, Case No. 19-cv-2521- LDH-RER
**Opposition to Defendants' Motion to Compel Disclosure (Docket No. 93)**

Dear Judge Reyes:

    This firm represents Plaintiff Chalamo Kaikov ("**Plaintiff**" or "**Chalamo**") who has brought claims, *inter alia*, for unjust enrichment stemming from an ongoing fraudulent scheme masterminded and operated by his cousin Arihay Kaikov ("**Arihay**") and the companies he owned and controlled (collectively, the "**Kaikov Defendants**"), aimed at luring Plaintiff to invest into a purported joint real estate venture.

    I am writing to object to Defendants' Motion to Compel Plaintiff's responses to (1) Interrogatories and (2) Document Requests related to discovery of Ludlam Limited ("**Ludlam**") – a company from which in February 2013 Plaintiff caused to wire $100,000 portion of investment money (the "**Initial Investment**") to Arihay's wife bank account in United States.[1] Defendants' discovery exceeds the scope of the April 14, 2021 Order that allowed only limited document requests related to Ludlam as follows:

    After having taken deposition of Plaintiff, Defendants' sought to reopen discovery <u>to allow them "issue a subpoena for documents and receive all documents necessary to determine the source of the funds of the initial investment."</u> *See* Defendant's Motion, Docket No. 86. Defendants also sought to allow additional deposition of Plaintiff Chalamo Kaikov, who they had an opportunity to depose for two days and pose questions about said Ludlam, including questions about shareholders of Ludlam, ownership of Ludlam, and purpose behind formation of Ludlam.

---

[1] As a background, document discovery in this matter was completed on August 31 of the last year. The parties were allowed to continue with deposition discovery only through June 30, 2021.

The Honorable Ramon E. Reyes, Jr.
Page 2
June 28, 2021

    During the hearing, counsel for Defendants specified what Ludlam-related discovery Defendants sought:

> THE COURT: Okay. I will -- I don't know how relevant this information is, but I will permit the defendant to reopen -- and what is it exactly you want from these bank - - from this bank?
> Just who -- who's -- who owns the account and who is the signatory on it? Or do you want the actual records?
>
> MR. KADOCHNIKOV: I want the -- I want -- well, both, at least for that -- records for that time period when the 100,000 was sent and who was signatory and who owned that bank account at the time, which entity was it that owned it.
>
> THE COURT: All right. Either -- Ms. Temkin, either your client produces this -- these documents voluntarily, or I will allow the defendant to serve a subpoena. I guess you're going to have to go through the Hague Convention.
>
> MS. TEMKIN: Your Honor, I will -- why don't you do this…I'd like to see the document request from defendant and then have time to respond to it in due course…
>
> MR. KADOCHNIKOV: That's fine with me.
>
> COURT: Definitely. So I'll grant 86. Defendant will serve a document request on the plaintiff seeking the documents, and plaintiff will have 45 days to respond and produce the documents. If you need additional time, you work that out with counsel… it might take longer than 45 days to get the documents, but work together on that.

*See* Transcript of the April 14, 2018 Hearing, at 8-10, attached as **Exhibit 1** hereto.

    The Court then denied Defendants' request to re-depose Plaintiff to ask him additional questions and reconfirmed specifically what discovery was allowed as to Ludlam:

> THE COURT: I'm denying this motion to reopen to redepose [Plaintiff]. **You can get the bank records, but that's it.**

*Id.* at 17. (emphasis added).

    Following the hearing, the Court issued an order directed Defendants "to serve a document request seeking the relevant document." *See* Minute Order, dated April 14, 2021, attached as **Exhibit 2** hereto.

    Now, completely ignoring the Court's directive and order, Defendants decided to take a second bite at the apple and serve interrogatories seeking Plaintiff to answer <u>again</u> questions



such as "Identify Your role and responsibilities in Ludlam Limited"; "Identify each and every person, outside of You, who has roles and responsibilities Concerning Ludlam Limited"; "Identify the purpose behind the formation of Ludlam Limited."[2] These were the questions that (a) Plaintiff already answered during his deposition and more importantly (b) were neither sought by Defendants in their initial Motion (see Docket No. 86) or allowed by the Court on April 14, 2021.

In sum, the Interrogatories are outside the scope of the allowed discovery and yet another attempt to re-depose Plaintiff and circumvent the Court's order already once denying that relief. Therefore, Defendant's motion to compel Plaintiff to respond to Interrogatories should be denied.

In regard to the three (3) document requests that Defendants served, Plaintiff already produced bank documents showing receipt of the $100,000 by Defendant's wife on her bank account in February 2013. Plaintiff has requested bank documents showing wire transfer from Ludlam's side, but those records are taking some time to get. Plaintiff objected to document requests such as "Any and all Documents, Communications, and ESI, Concerning Ludlam Limited" as overbroad and vague and clearly outside of "bank records" discovery allowed by the Court. Similarly, request for "Any and all Documents, Communication and ESI Concerning any and all bank accounts associated with Plaintiff's investments with Defendant" has nothing to do with Ludlam Limited.

Finally, the undersigned counsel requested counsel for Defendant to review the transcript and see whether portions of this Motion can be withdrawn. Defendants refused.

In sum, Defendants' yet another attempt to seek discovery outside of the scope of April 14, 2021 Order should be rejected and Defendants' Motion denied in its entirety and Plaintiff awarded sanctions, in at least the amount of costs of the transcript that were necessitated by Defendants' motion.

Respectfully submitted,

*/s/ Maria Temkin*
Maria Temkin, Esq.
For: TEMKIN & ASSOCIATES, LLC

MT
Cc: All counsel of record (via ECF System)

---

[2] Defendants are wrong claiming that during the deposition of Plaintiff he promised to supplement his answers regarding Ludlam Limited. Rather, he fully answered all questions regarding Ludlam Limited. To the extent that Defendants wanted to serve supplemental document requests, they were allowed to reopen discovery only in regard to the bank records of Ludlam.


WWW.TEMKINLEGAL.COM