

**MARIA TEMKIN, ESQ.**
LICENSED IN PENNSYLVANIA AND NEW JERSEY

**TEMKIN & ASSOCIATES, LLC**
1700 MARKET STREET, SUITE 1005, PHILADELPHIA, PA 19103
PHONE 215-939-4181 | FAX 215-914-6975
MARIA@TEMKINLEGAL.COM | WWW.TEMKINLEGAL.COM

July 2, 2021

<u>Via ECF Filing</u>
The Honorable Ramon E. Reyes, Jr.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:**   ***Kaikov v. Kaikov, et. al.***, Case No. 19-cv-2521- LDH-RER
   **Opposition to Defendants' Motion for a Protective Order (Docket No. 95)**

Dear Judge Reyes:

This firm represents Plaintiff Chalamo Kaikov ("**Plaintiff**" or "**Chalamo**") in the above-referenced matter who has brought claims, *inter alia*, for violation of federal RICO, 18 U.S.C. § 1961 *et seq*.; fraud, conversion, and unjust enrichment stemming from an ongoing fraudulent scheme masterminded and operated by his cousin Arihay Kaikov ("**Arihay**") and the companies he owned and controlled[1] (collectively, the "**Kaikov Defendants**"), aimed at luring Plaintiff to invest into a purported joint real estate venture.

In reliance on Arihay's fraudulent representations, Chalamo gave Arihay over $775,000 to purchase, renovate, and re-sell 10 properties in New York City (the "**Investment Properties**"). Arihay was supposed to invest the equal amount and then equally share the profits from resale of the properties with Chalamo. Yet, in breach of his promises to Chalamo, Arihay transferred ownership of most properties to the Corporate Defendants rather than to 911 Realty Corp. ("**911 Realty**"), an entity set up by the joint venture, converted profits from the sale of a number of "jointly owned" properties, inflated expenses, never paid his share, and engaged in other fraudulent conduct.

**I.   Rule 30(b)(6) Notices of Deposition to Corporate Defendants**

As an initial matter, Plaintiff does not request to re-depose Mr. Arihay Kaikov. Rather, Plaintiff noticed Rule 30(b)(6) depositions of the Corporate Defendants to provide testimony on discrete topics related to the Investment Properties, such as (a) expenses and profits related to the Investment Properties, (b) circumstances of acquiring titles for the Investment

---

[1] Defendants Pacific 2340 Corp., Royal A&K Realty Group Inc., A&E.R.E. Management Corp., NY Prime Holding LLC, AG Realty Bronx Corp., as well as other unknown corporate entities.

THE HONORABLE RAMON E. REYES, JR.
PAGE 2
JULY 2, 2021

Properties,(c) itemized costs of renovations done on the Investment Properties, (d) source of money paid for the renovations, (e) leases and revenue received from the Investment Properties as well as (f) circumstances of receiving and spending money from Plaintiff on the Investment Properties.

## II. Prior Deposition Testimony of Arihay Kaikov

Presumably Defendants determined that they would be designating Arihay Kaikov as a corporate designee for each corporate defendant. While Plaintiff did ask Mr. Kaikov these questions during his individual deposition, Ms. Kaikov had either little knowledge or did not remember much about which corporations owned the properties, what expenses or renovations were; or how he paid for the renovations, whether he had revenue from tenants.

For example, Mr. Kaikov testified as follows:
Q. Do you keep any records regarding your properties?...
A. No….
Q. So how do you know which properties you own? ….
A. How do I remember? I don't.…
Q. How do you know which companies you own? …
A. How do I remember? Probably by the end of the year when I file my taxes.

*See* Transcript of Deposition of Arihay Kaikov, Defendants' Exhibit 2 (Docket 95-2) at 61-63.

Q. How do you keep track of records related to your properties in order to file taxes?
A. …I give all the information by the end of the year to my accountant; she files taxes.
Q. What kind of information do you give to your accountant?
A. Bank statements, expenses. Mostly bank statements.

*Id*. at 61-62.

Similarly, Mr. Kaikov testified that he did not know what expenses were paid for renovations of the properties, as he pays his contractor on "as needed" basis:

Q. Now, can you describe how your relationship Mr. Yunosov works? When you have a property to renovate, who does an estimate of what needs to be done?
A. Well, we do it together, but there's no, like, specific contracts or something like that. ….
Q. And how do you estimate how much you would pay him for work that he does?
A. We have a very good experience in the construction. So we already know on top of our heads how much it's going to cost. So when he tells me that I need 10 or 20 or 30 or $50,000, I take it from my bank, deposited it into his bank, and he completes the job.…
Q. How do you keep records of what amount of money goes into the renovation of the property?
A. I never keep records of this. Never, ever, ever in my life.

*Id*. at 81-86.

Same "I don't recollect, I don't keep records" testimony was provided when questions related to specific Investment Properties questions related to expenses paid by Plaintiff were asked.



THE HONORABLE RAMON E. REYES, JR.
PAGE 3
JULY 2, 2021

### III. Argument

Plaintiff does not seek to impose further burden on Arihay Kaikov. Plaintiff does seek, however, binding testimony from the Corporate Defendants - which continued to fraudulently own the Investment Properties in violation of the agreement with Plaintiff - related to their purported share of expenses related to the Investment Properties, any profits realized from sale of the properties; and evidence of Plaintiff's investment into the properties, which Defendants seem to contest. The sought information would also show any fraudulent activity to the extent that Defendants tried to conceal profits from the Investment Properties. This information is plainly relevant to the Plaintiffs' claims instantly and Plaintiff is entitled to have a corporate designee of defendant parties to this action, who would be prepared to testify on the noticed subject matter and not be able to hide behind "I don't know" answers.

As explained by district court in *Twentieth Century Fox Film Corp. v. Marvel Enters.*, 01 Civ. 3016 (AGS)(HBP), 2002 U.S. Dist. LEXIS 14682 (S.D.N.Y. Aug. 6, 2002):

> Rule 30(b)(6) explicitly requires [a corporation] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation ... This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition... The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.

*Id*. at 8-9 (citations omitted).

Thus, the Court should deny Defendants' motion for a protective order and compel corporate Defendants to appear for noticed depositions and prepare to answer questions on the noticed subjects.[2]

We thank the Court for consideration of this matter.

Respectfully submitted,<br>
*/s/ Maria Temkin*<br>
Maria Temkin, Esq.<br>
For: TEMKIN & ASSOCIATES, LLC

Cc: All counsel of record (via ECF System)

---

[2] Defendants' claim that the notices provided too little time for them to prepare are of no significance. Parties could agree to mutually convenient time, however, Defendants' position was that Plaintiff is not entitled to Rule 30(b)(6) testimony in any case.

