AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| Chalamo Kaikov | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19-cv-2521- JWB-RER |
| Arihay Kaikov, et.al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: YJ CPA Business Services Inc
118-21 Queens Blvd Suite 418, Forrest Hills, NY 11375

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE THE ATTACHED RIDER

| Place: TEMKIN & ASSOCIATES, LLC<br>1700 Market Street, Suite 1005<br>Philadelphia, PA 19103 | Date and Time:<br>07/27/2020 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/13/2020

*CLERK OF COURT*

_____   OR   _____/s/ M. Temkin_____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Chalamo Kaikov, who issues or requests this subpoena, are:
Maria Temkin, Esq. 1700 Market St, Suite 1005, Phila, PA 19103, maria@temkinlegal.com, (215) 939-4181

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-cv-2521- JWB-RER

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHALAMO KAIKOV,                                                       19-cv-2521-JBW-RER
                             Plaintiff,

-against-

ARIHAY KAIKOV, et.al

                             Defendants,
-----------------------------------------------------------------X

### RIDER TO THE SUBPOENA TO YJ CPA BUSINESS SERVICES, INC.

### REQUESTED DOCUMENTS

1. Any and all documents evidencing the formation and governance of the entities, in which **Arihay Kaikov** is a shareholder, including, without limitation, Certificates of Incorporation or Formation, by-laws, operating agreements, and shareholder agreements.

2. Copies of federal and state tax returns, including all supporting schedules, prepared for **Arihay Kaikov** for the years 2012-2019.

3. Copies of federal and state tax returns prepared for any entity where Arihay Kaikov is a shareholder for the years 2012- 2019, including but not limited to the following entities:

    a. A&E.R.E. Management Corp. ;

    b. AG Realty Bronx Corp.;

    c. NY Prime Holding LLC;

    d. Pacific 2340 Corp. ;

    e. Royal A&K Realty Group Inc. ;

    f. 567 Jerome, Inc.;

    g. EVBD LLC ;

    h. Mother Gaston 905 Corp..

4. Exact copies of issued and/or internal financial statements, both annual or periodic, for the years-ended January 1, 2013 through the date of production for the following individuals and entities:

   a. Arihay Kaikov;

   b. A&E.R.E. Management Corp. ;

   c. AG Realty Bronx Corp.;

   d. NY Prime Holding LLC;

   e. Pacific 2340 Corp. ;

   f. Royal A&K Realty Group Inc. ;

   g. 567 Jerome, Inc.;

   h. EVBD LLC ;

   i. Mother Gaston 905 Corp..

5. Exact copies of all personal financial statements and/or statements of net worth prepared for Arihay Kaikov for the period January 1, 2003 through the date of production;

6. Exact copies of Detailed General Ledgers with check number, amount, date and payee detail, for the individuals and entities, specified above, for the period Jaury 1, 2013 through the date of production. If QuickBooks or similar accounting software is used, please provide copies of printouts of the records from these databases for the following individuals and entities:

   a. Arihay Kaikov;

   b. A&E.R.E. Management Corp. ;

   c. AG Realty Bronx Corp.;

   d. NY Prime Holding LLC;

   e. Pacific 2340 Corp. ;

   f. Royal A&K Realty Group Inc. ;

   g. 567 Jerome, Inc.;

   h. EVBD LLC ;

  i. Mother Gaston 905 Corp..

7. Any and all documents evidencing transfer of real of personal property from Arihay Kaikov or entities where Arihay Kaikov is a shareholder to a third party or between such entities for the period January 1, 2003 through the date of production;

8. Copies of any accountants' workpapers and/or internal accounting records for the years 2013 –through the date of production, including but not limited to detailed depreciation and amortization schedules, reports detailing revenue and/or gross profits, accounts receivable reports for the following properties:

- 567 Jerome Street, Brooklyn, New York 11207;
- 317 East 31st Street, Brooklyn 11226;
- 118-36 219th Street, Jamaica, New York 11411;
- 118-26 220th Street, Jamaica, New York 11411;
- 909 Elton Street, Brooklyn, New York 11208;
- 280 West 127th Street, New York, New York 10027;
- 844 Herkimer Street, Brooklyn, New York 11233;
- 243 Buttrick Avenue, Bronx, New York 10465;
- 905 Mother Gaston Boulevard, Brooklyn, New York 11212;
- 406 East 94th Street, Brooklyn, New York 11212.

## DEFINITIONS

1. The term "communication" shall mean the transmittal of words or information from one or more persons by whatever manner or means and regardless of how or by whom the communication was initiated, whether the medium for such transmittal be oral, written, or electronic recording.

2. For the purpose of this request, the term "document" is defined as any written, recorded, or graphic matter, regardless of the manner in which it is produced or reproduced. It includes, but is not limited to, the following: correspondence; notes; calculations; telegrams; e-mails, telefacsimilied communications; written or electronically transmitted communications; notes or minutes from meetings; calendars, appointment books, or diaries; log books; investigative files; contracts; agreements; memoranda; reports; studies; recordings; films or photographs; video materials; charts or other visual materials; computer printouts; computer diskettes or tapes; analyses; projections; work papers; orders, work orders or change orders, extra work orders, additional work orders, force account work orders; plans; drawings; specifications; test results; and materials from which data or information can be obtained.

3. The term "document" also includes non-identical copies and drafts of the above, in addition to the original writings, notations, corrections or markings peculiar to that copy or draft that were made or placed regardless of the manner in which they were made or placed.

4. The term "record(s)" includes any statement, paper, writing, letter, memorandum,

report, logbook, note, article, magazine, diary, day planner, journal, journal article, newsletter, schedule, blueprint, drawing, design, sketchbook, textbook, brochure, laboratory record, audio and/or videotape record or recording, photograph, moving picture, negative, computer tape and/or disk, e-mail, facsimile transmission and/or any other object containing written, printed, spoken, electronic and/or photographic word, image, record, or sound.

5. The term "includes" and its other forms means "includes without limitation."

6. The term "referring" or "relating to" means in any way showing, disclosing, advertising, evidencing, constituting, concerning, discussing, evaluating, analyzing, comprising, consisting of, mentioning or revealing either in whole or in part, directly or indirectly.

## INSTRUCTIONS

1. If any document herein requested was formerly in the possession, custody, or control of plaintiff and has been lost or destroyed, you are requested to produce in lieu of each document a written statement which: (1) describes in detail the nature of the document(s) and its content; and (2) identifies the person who prepared or authored the document(s) and, if applicable the person(s) to whom the document was addressed; and (3) specifies the date on which the document was prepared and transmitted; and (4) specifies the date on which the document was lost or destroyed, and if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

2. If your response is that the requested documents are not in your possession or custody, describe the unsuccessful efforts to locate them.

3. If your response is that the requested documents are not in your control, identify who has control, and the location of the documents.

4. If a request seeks a document or class of documents not in your possession, custody or control, provide any documents that you have that contain all or part of the information contained in the requested documents.

5. Each request for production of documents shall be deemed continuing so as to require prompt supplemental responses if further documents called for herein are obtained or discovered between the time of responding to this request and the time of the trial.

6. If any documents called for in this demand are withheld under a claim or privilege, please furnish a list identifying each document for which the privilege is claimed by setting forth all the following information: (1) the date of the document; (2) the name and address of each person who prepared, received, viewed and has possession, custody or control of the document; (3) the name of each person shown on the document as distributees; and (4) if the document purports to describe communications or occurrences at a meeting, conference or

conversation, the identity of each participant at such meeting, conference or conversation; and (5) a statement of the basis for the assertion of privilege. If the basis for the assertion of privilege is the attorney-client privilege, also set forth the identity of the client and the attorney.

Dated: July 13, 2020

TEMKIN & ASSOCIATES, LLC

Maria Temkin, Esq. (*pro hac vice*)
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Tel. (215) 939-4181
maria@temkinlegal.com

*Attorneys for Plaintiff Chalamo Kaikov*